# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON


## JERRY ANDERSON v. TONY PARKER, WARDEN

**Direct Appeal from the Circuit Court for Lake County**
**No. 04-CR-8568   R. Lee Moore, Jr., Judge**

---

**No. W2004-01516-CCA-R3-HC  - Filed December 10, 2004**

---


The Petitioner, Jerry Anderson, appeals the trial court's denial of his petition for habeas corpus relief.  The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals.  Because Petitioner has failed to allege a ground for relief which would render the judgment void, we grant the State's motion and affirm the judgment of the lower court.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which ALAN E. GLENN AND J.C. MCLIN, JJ.  joined.

Jerry Anderson, pro se.

Paul G. Summers, Attorney General & Reporter; Rachel E. Willis, Assistant Attorney General, for the appellee, the State of Tennessee.



### MEMORANDUM OPINION


On January 20, 1998, Petitioner Jerry Anderson a entered guilty plea to one count of facilitation of first degree murder and one count of conspiracy to commit especially aggravated robbery.  For these offenses, Petitioner received concurrent sentences, as a career offender, of

1

sixty years for the facilitation count and thirty years for the conspiracy count. The Petitioner is currently confined at Northwest Correctional Complex in Tiptonville, Tennessee.

On May 25, 2004, the Petitioner filed a pro se pleading captioned "Pleading for Presumption of Sentence in Alternative Pleading for Correction of Illegal Sentence." The pleading alleged that the trial court lacked jurisdiction to sentence the Petitioner as a career offender because Petitioner did not qualify as a range III, career offender and that the Petitioner's guilty pleas were involuntarily entered because the Petitioner did not know that he was pleading outside the range. The Petitioner also alleges that his facilitation conviction is a class B and not a class A felony. The trial court properly treated the pleading as a petition for habeas corpus relief. On June 10, 2004, the trial court denied relief, finding that there is nothing before the court indicating that the sentences are void or illegal. The trial court further held that facilitation of first degree murder is a class A felony as reflected in the judgment. Petitioner timely filed a notice of appeal document.

Habeas corpus relief is available in this state only when it appears on the face of the judgment or the record that the trial court was without jurisdiction to convict or sentence the defendant or that the sentence of imprisonment has otherwise expired. *Archer v. State,* 851 S.W.2d 157, 164 (Tenn. 1993); *Potts v. State,* 833 S.W.2d 60, 62 (Tenn. 1992). Unlike the post-conviction petition, the purpose of the habeas corpus petition is to contest a void, not merely a voidable, judgment. *State ex rel. Newsome v. Henderson,* 221 Tenn. 24, 424 S.W.2d 186, 189 (1968). A petitioner cannot collaterally attack a facially valid conviction in a habeas corpus proceeding. *Potts v. State,* 833 S.W.2d 60, 62 (Tenn. 1992); *State ex rel. Holbrook v. Bomar,* 211 Tenn. 243, 364 S.W.2d 887, 888 (1963).

From the judgment forms, it is apparent that the Petitioner's effective sixty year sentence has not expired. The Petitioner, however, contends that his convictions are void because he was sentenced as a career offender even though he has no prior record. The Petitioner entered a negotiated plea arrangement. Offender classifications and release eligibility "are non-jurisdictional and legitimate bargaining tools in plea negotiations under the Criminal Sentencing Reform Act of 1989." *Bland v. Dukes,* 97 S.W.3d 133, 134 (Tenn. Crim. App. 2002) (citing *McConnell v. State,* 12 S.W.3d 795, 798 (Tenn. 2000); *Hicks v. State,* 945 S.W.2d 706, 709 (Tenn. 1997)). Moreover, our supreme court held in *Hicks* that hybrid sentences are permissible because "a knowing and voluntary guilty plea waives any irregularity as to offender classification or release eligibility." *Hicks,* 945 S.W.2d at 709. The sentence range for a class A felony is fifteen to sixty years. The Petitioner was sentenced within this range and, therefore, his sentence is not illegal.

The Petitioner has not established that he is entitled to habeas corpus relief. He has alleged neither a facially invalid judgment nor an expired sentence. Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____

JOHN EVERETT WILLIAMS, JUDGE