# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## MARVIN ANTHONY MATTHEWS v. DAVID MILLS, WARDEN

**Direct Appeal from the Circuit Court for Lauderdale County**
**No. 5899    Joe H. Walker, Judge**

———————

**No. W2004-02209-CCA-R3-HC  - Filed March 11, 2005**

———————

The Petitioner Marvin Anthony Matthews appeals the trial court's denial of his petition for habeas corpus relief.  The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals.   Petitioner has failed to establish either that this sentence has expired or that his conviction or sentence is void.  Accordingly, we grant the State's motion and affirm the judgment of the lower court.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

Marvin Anthony Matthews, pro se.

Paul G. Summers, Attorney General & Reporter; Rachel E. Willis, Assistant Attorney General, for the appellee, the State of Tennessee.

## MEMORANDUM OPINION

On December 12, 1988, the Petitioner was convicted of grand larceny and sentenced as an habitual criminal to a life sentence.  His conviction and sentence were affirmed by this Court on direct appeal. *See Marvin Anthony Matthews v. State*, No. 16, 1990 WL 2862, *1 (Tenn. Crim. App., at Jackson, Jan. 17, 1990), *perm. to appeal denied*, (Tenn. May 14, 1990).  As noted by the lower court, the Petitioner has unsuccessfully made numerous collateral attacks on his conviction and

sentence. *See, e.g.*, *Marvin Anthony Matthews v. State*, No. W2003-02980-CCA-R3-PC, 2004 WL 1159585, * 1 (Tenn. Crim. App., at Jackson, May 21, 2004) (post-conviction relief denied as barred by statute of limitations); *Marvin Anthony Matthews v. State*, No. W2003-00106-CCA-R3-CO, 2003 WL 23100812, * 1 (Tenn. Crim. App., at Jackson, Dec. 31, 2003) (habeas corpus relief denied as being filed in wrong venue and as not stating cognizable claim for relief); *Marvin Anthony Mathews v. State*, No. W2000-01893-CCA-R3-PC, 2002 WL 1482780, *1 (Tenn. Crim. App., at Jackson, Feb. 8, 2002) (post-conviction relief denied as barred by statute of limitations); *Marvin Matthews v. State*, No. W1999-00833-CCA-R3-PC, 2001 WL 394868, * 1 (Tenn. Crim. App., at Jackson, Apr. 17, 2001) (post-conviction relief denied as barred by statute of limitations); *Marvin A. Matthews v. State*, No. 02C01-9206-CC-00141, 1993 WL 84558, *1 (Tenn. Crim. App., at Jackson, Mar. 24, 1993) (habeas corpus relief denied for failure to state cognizable claim for relief); *Marvin Anthony Matthews v. Charles C. Noles*, No. 02C01-9206-CC-00140, 1993 WL 26546, * 1 (Tenn. Crim. App., at Jackson, Feb. 24, 1993), *perm. to appeal denied*, (Tenn. Jun. 1, 1993)(habeas corpus relief denied as not stating ground for relief).

On August 27, 2004, Petitioner filed an application for writ of habeas corpus relief, alleging that the judgment of conviction is void because it was not entered on a uniform judgment document in violation of section 40-35-209(f), Tennessee Code Annotated, and Rule 17, Rules of the Tennessee Supreme Court. Both provisions require that the trial judges use the uniform judgment document for each criminal case resulting in a conviction. By order entered August 30, 2004, the trial court summarily denied habeas corpus relief.[1] Petitioner timely filed a notice of appeal document.

The State has filed a motion requesting this Court to affirm the decision of the lower court pursuant to Rule 20, Rules of the Tennessee Court of Criminal Appeals. The State contends that the Petitioner has failed to allege a ground for which habeas corpus relief may be granted.

The right to seek habeas corpus relief is guaranteed by article I, section 15 of the Tennessee Constitution. *Roger L. Hickman v. State*, — S.W.3d —, 2004 WL 2563267, * 1 (Tenn. 2004). However, the grounds upon which habeas corpus relief will be granted are narrow. *Id.* (citations omitted). Relief will only be granted if the petition establishes that the challenged judgment is void. *Id.* A judgment is void "only when '[i]t appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." *Roger L. Hickman v. State*, – S.W.3d at –, 2004 WL 2563267, at *1 (quoting *State v. Ritchie*, 20 S.W.3d 624, 630 (Tenn. 2000) (citations omitted)). Unlike the post-conviction petition, the purpose of the habeas corpus petition is to contest a void, not merely voidable, judgment. *State ex rel. Newsome v. Henderson,* 221 Tenn. 24, 424 S.W.2d 186, 189 (1968).

---

[1] In its order denying relief, the trial court noted that "[t]he Petitioner has file[d] numerous petitions. He is under an order not to file additional [petitions] until costs are paid on prior petitions. Despite this, the Clerk filed his petition."

The petitioner has the burden of establishing either a void judgment or an illegal confinement by a preponderance of the evidence. *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). If the petitioner carries this burden, he is entitled to immediate release. *Id.* However, if the habeas corpus petition fails to demonstrate that the judgment is void or that the confinement is illegal, neither appointment of counsel nor an evidentiary hearing are required and the trial court may properly dismiss the petition. *Roger L. Hickman v. State*, – S.W.3d at –, 2004 WL 2563267, at *1 (citing Tenn. Code Ann. § 29-21-109 (2000); *Dixon v. Holland*, 70 S.W.3d 33, 36 (Tenn. 2002)).

The Petitioner's life sentence, imposed in 1988, has not expired. Additionally, the trial court had jurisdiction to enter the judgment of conviction. Petitioner has raised the issue that a judgment was not entered in compliance with applicable statutes in a prior habeas corpus proceeding. *See Marvin Anthony Matthews v. State*, No. 02C01-9206-CC-00140, 1993 WL 46546, at *1. In the prior habeas corpus proceeding, the habeas corpus court found that "the trial court's judgment was not void, was issued in compliance with T.C.A. § 40-20-101 and § 40-20-107, and was entered on the minutes, that the Mittimus Writ of Confinement was valid on its face, and that the petitioner was properly adjudged guilty and sentenced." *Id.* On direct appeal, this Court affirmed the lower court, finding that the "judgment entered . . . is valid" and that "[t]he minute entry in this case complies with the requirements of [Rule 32(e), Tennessee Rules of Criminal Procedure, and section 40-20-101, Tennessee Code Annotated]." *Marvin Anthony Matthews v. State*, No. 02C01-9206-CC-00140, 1993 WL 46546, at *2. This Court further held that "[t]echnical violations related to the judgment forms and committal documents, even if they existed, would not render the petitioner's confinement illegal as long as a valid conviction and resultant legal sentence were imposed." *Id.* (citing Rule 36, Tennessee Rules of Criminal Procedure). We agree and conclude that the failure to utilize the uniform judgment document promulgated by the Tennessee Supreme Court would merely render a conviction voidable, not void.

The Petitioner has failed to establish either that (1) his sentence has expired or (2) the trial court was without jurisdiction to enter the conviction or sentence against him. Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____

DAVID G. HAYES, JUDGE

3