State of Tennessee ex rel.
Ollie Newsom

*v.*

C. Murray Henderson, Warden, Tennessee State
Penitentiary.

424 S.W.2d 186.

(*Nashville,* December Term, 1967.)

Opinion filed January 26, 1968.

WILLIAM BUFORD BATES, Nashville, for plaintiff in error.

GEORGE F. McCANLESS, Attorney General, and ROBERT H. ROBERTS, Assistant Attorney General, Nashville, for defendant in error; and ROBERT BRANDT and JOHN HOLLINS, Assistant District Attorneys General, Nashville, prosecuted the case in the trial court.

MR. CHIEF JUSTICE BURNETT delivered the opinion of the Court.

This habeas corpus petition was dismissed below by the trial judge after an evidentiary hearing. There was no bill of exceptions preserved of this evidentiary hearing because the Public Defender, who represented Newsom in this hearing, concluded that there was absolutely nothing in the record which would be beneficial one way or the other to the plaintiff in error and preserving the record would be entirely frivolous. The Public Defender appeared before this Court and made such an announcement. As a result of which we ordered the technical record sent up and appointed new counsel to represent the plaintiff in error in this Court. Mr. Bates has filed an excellent brief, made an excellent argument and has assumed an adversary position to that of the State in representing Newsom here. We express our sincere thanks to him for the commendable job that he has done.

The petitioner was convicted of murder in the second degree by the Criminal Court of Davidson County in 1948, following his indictment for first degree murder, which encompasses the lesser offenses. On May 5, 1948, he was sentenced to not more than twenty (20) years nor less than ten (10) years in the penitentiary. No appeal was had from the original conviction. On January 18, 1967, the present petition was filed which the court treated as a petition for habeas corpus, and the trial court appointed the Public Defender to represent the petitioner because there was a claim of indigency. To this petition the State filed an answer, and, as said above, an evidentiary hearing was had.

In the petition filed herein petitioner alleges (1) that the judgment below is void and that he was entitled to relief because he was not given an opportunity to appeal his case; (2) that his co-defendant was granted a new trial following a motion for a new trial on the conviction in 1948 but that a motion for a new trial was denied this petitioner; (3) that the indictment was invalid because it failed to state the degree of murder; and (4) that the word "Col." was written on the face of the indictment and such constituted a systematic pattern of racial discrimination.

As said above, after the evidentiary hearing this petition was dismissed, because, as found by the trial court, it was a collateral attack upon a good and valid judgment.

It is obvious from what we have briefly stated above as contained in the petition that an evidentiary hearing could not illuminate any of these complaints and that all can be and were answered from a legal standpoint and without any factual explanation one way or the other.

The present brief and argument before us now are that (1) it was error for the trial court to send the technical record to this Court which lacked a bill of exceptions or a transcript of the proceedings heard below; (2) the trial court should have informed this petitioner that his court-appointed counsel below had not and was not seeing that a bill of exceptions was prepared to present to this Court; and (3) it was error for the trial court not to subpoena the record of the petitioner's trial in 1948 and make it a part of the record in this habeas corpus proceeding.

The principal argument is that the trial court erred in not having before it at the time of the hearing for habeas corpus a trancript of the proceedings in 1948 of the original trial on the merits. Of course, there being no transcript there is nothing to show us what the trial court had before it, but it is argued under sec. 40-2035, T.C.A., that there should have been a record and that the Code Section requires a court reporter should record proceedings in all criminal cases. This Section of the Code, however, was not passed until the enactment of Chapter 221, Acts of 1965, and there was no such requirement when this petitioner was tried in 1948, since a death penalty was not demanded when he was tried.

There is no allegation that there could have been anything in the transcript of the original trial which would have aided the petitioner now in his petition for habeas corpus which was not and could not have been shown by the minutes of the court in that case which may be judicially observed since these were the original minutes of the trial of this very man and in the same court. *Devoto v. State ex rel. Bryan,* 7 Tenn. CCA 38. Of course, judicial knowledge is not the personal knowledge of the judge but the cognizance of certain facts

which a judge under rules of legal procedure may properly take or act upon without proof because they were already known to him. The State has filed with its brief a photostatic copy of the Order entered in the original trial on October 20, 1948, which shows that the petitioner appeared in person and by his attorney, who withdrew his appeal to this Court which had heretofore been granted. This being true, we have the minutes of the court which are absolutely contradictory to the allegation of the petitioner that he was denied an appeal to this Court.

The official minutes of Division I, Criminal Court of Davidson County show this, and what the petitioner is attempting to do by the allegation that he was not allowed an appeal is to impeach the verity of these minutes of a court of general jurisdiction. Since the petitioner appeared and voluntarily waived his appeal and did not pursue his right to appeal, which should have been done by writ of error, he cannot now benefit by the route of a habeas corpus. Habeas corpus is not and cannot be used as a substitute for the correct route. This Court recently in *State ex rel. Folds v. Hunt,* 216 Tenn. 195, 202, 391 S.W.2d 629, 632, quoting with approval from *Riddle v. Dyche,* 262 U.S. 333, 43 S.Ct. 555, 67 L.Ed. 1009, said this:

" 'The writ of *habeas corpus* is not a proceeding in the original criminal prosecution but an independent civil suit, *Ex parte Tom Tong,* 108 U.S. 556, 559, 2 S.Ct. 871, 27 L.Ed. 826, in which the record of the trial court is not open to collateral attack but imports absolute verity.' "

The petition likewise argues that the indictment did not give him sufficient notice of the offense charged

against him because it did not specify the degree of murder. The indictment, a copy of which is attached hereto, did show that he was indicted for murder in the first degree which carries with it all of the lesser offenses.

The petitioner complains he was denied a full review of the merits of his cause as a result of the trial court not subpoenaing the record of the original trial. A habeas corpus proceeding is not one where the record is brought up or where one has a trial on the merits but in a habeas corpus proceeding one is entitled only to a hearing on such matters affecting his constitutional rights as alleged in his petition.

A writ of habeas corpus is to correct the denial of fundamental constitutional rights. It is not to correct mere irregularities of law, and, as we have said before, not a substitute for writs of error and things of that kind. *Wooten v. Bomar,* 267 F.2d 900, cert. den. 361 U.S. 888, 80 S.Ct. 161, 4 L.Ed. 122.

The alleged defect argued about the indictment is not a proper ground for obtaining relief in a habeas corpus proceeding. We had occasion to comment on many of these allegations a number of years ago in *State ex rel. Underwood v. Brown,* 193 Tenn. 113, 244 S.W.2d 168, where it is said that the purpose of habeas corpus is to strike down a judgment where it is void and not merely a voidable judgment.

The word ''Col.'' in the indictment in and of itself cannot and does not prejudice the individual. We assume and trust that this is more for identification and office purposes than anything else. The color of the man, whether white, black, or what, is going to show when he comes to trial and the mere fact that he has been identi-

fied in this way, and this is what "Col." means, cannot affect his trial one way or the other. There is nothing to show as far as we can see that the mere fact that his indictment had this on it for identification that this is injurious or prejudicial to the man one way or the other.

The United States Court of Appeals for the Sixth Circuit released on October 10, 1967, the case of *Waddy, et al v. Heer, Warden, etc.,* 6, Cir., 383 F.2d 789, deciding this very question contra to petitioner's contention, saying: "Finally, they contend that the designation of their race as Negro on each indictment returned against them vitiated the proceedings. * * * Further, we find that the racial designation, per se, does not vitiate the proceedings. Petitioners have shown no prejudice to have resulted to them from such practice, which we deplore and which we are assured by the representative of the State of Tennessee has been discontinued."

From what has been said above and from reading this record and the allegations of the petition we think that there are no constitutional or statutory rights of the petitioner shown to have been denied him. After fully considering the matter and thinking about it for a day or so, we are satisfied that there is no error herein and the judgment below must be, and is, affirmed.