# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE

## JOE SHEPHERD v. HOWARD CARLTON, WARDEN and the STATE OF TENNESSEE

**Appeal from the Criminal Court for Johnson County**
**No. 4278     Robert E. Cupp, Judge**

---

**No. E2004-00290-CCA-R3-HC - Filed August 2, 2004**

---

The pro se petitioner, Joe Shepherd, appeals the dismissal of his petition for writ of habeas corpus. The state has filed a motion requesting that this court affirm the action of the trial court pursuant to Rule 20, Tenn. Ct. Crim. App. R. The petition fails to present a cognizable claim for habeas corpus relief. Accordingly, the state's motion is granted and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed Pursuant to Rule 20, Tenn. Ct. Crim. App. R.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and JOSEPH M. TIPTON, J., joined.

Joe Shepherd, Mountain City, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Renee W. Turner, Assistant Attorney General; Joe C. Crumley, Jr., District Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

The petitioner is serving a life sentence for felony murder in the custody of the Tennessee Department of Correction. This court set forth the procedural history of the petitioner's cases in a previous opinion as follows:

> In April 1991, a jury convicted the petitioner of the felony murder of Roxanne Woodson and the aggravated assault of law enforcement officers investigating the case. The [petitioner] was sentenced to death for the felony murder and to two-to-five years for the aggravated assault. On May 30, 1995, our supreme court reversed the death sentence and remanded the case for resentencing. The petitioner was resentenced to life imprisonment for his felony murder conviction on April 29, 1997. In a separate trial, the petitioner was convicted of the second degree murder of Kathy Clowers and sentenced to

ninety-nine years imprisonment. This court reversed the second degree murder conviction and remanded the case for a new trial.

Upon retrial of the Clowers case, the appellant was found guilty of involuntary manslaughter, and he received a sentence of two to five years incarceration. Subsequent to his conviction, the petitioner filed a motion for new trial. While this motion was pending, our supreme court remanded the Woodson case for resentencing. Thereafter, the petitioner entered into an agreement with the State in which he waived his right to appeal the Clowers case in exchange for a life sentence in the Woodson case.

Joseph Shepherd v. State, No. E2002-01455-CCA-R3-PC (Tenn. Crim. App., Knoxville, Sep. 17, 2003), app. denied (Tenn. Jan. 26, 2004) (internal citations omitted).

On October 24, 2003, the petitioner filed a petition for writ of habeas corpus in the Criminal Court for Johnson County. He alleged that he was indicted in May 1978 for two counts of rape and two counts of kidnapping of two victims, Mildred Underwood and Jackie Simmons, and was subsequently acquitted of all these charges at trial. The petitioner further alleged that in June 1990, an eleven-count indictment was brought against him which included the charges related to the Woodson and Clowers victims as well as the rape and kidnapping charges in the Underwood and Simmons cases. The petitioner asserted that the full indictment, including the charges of which he was allegedly acquitted, was read to the jury. He concluded that although he was not tried on these charges, he was thereby unconstitutionally twice placed in jeopardy for the same offenses. The trial court denied relief, finding that the petition established neither a void judgment nor an expired sentence.

The purpose of a habeas corpus petition is to contest void and not merely voidable judgments. Archer v. State, 851 S.W. 2d 157, 163 (Tenn. 1993) (citing State ex rel. Newsom v. Henderson, 221 Tenn. 24, 424 S.W.2d 186, 189 (1968)). Habeas corpus relief is available only when it appears on the face of the judgment or the record that the trial court was without jurisdiction to convict or sentence the defendant or that his sentence has expired. Archer, 51 S.W.2d at 164. The burden is on the petitioner to establish that the judgment is void or that the sentence has expired. State ex rel. Kuntz v. Bomar, 214 Tenn. 500, 504, 381 S.W.2d 290, 291-92 (1964). A trial court may summarily dismiss a petition for writ of habeas corpus without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. Passarella v. State, 891 S.W.2d 619 (Tenn. Crim. App. 1994).

The petitioner has not established that he is entitled to habeas corpus relief. He has alleged neither a facially invalid judgment nor an expired sentence. This court has stated that a claim of double jeopardy, if proven, would render the challenged judgment voidable rather than void. See Raymond Rutter v. State, No. E2003-01386-CCA-R3-PC (Tenn. Crim. App., Knoxville, Apr. 7, 2004); Joe Clark Mitchell v. State, No. M2002-03011-CCA-R3-CO (Tenn.

Crim. App., Nashville, Sept. 30, 2003), app. denied (Tenn. Dec. 29, 2003).  The "authorized avenue for attacking a voidable judgment is a petition for post-conviction relief."  State v. McClintock, 732 S.W.2d 268, 272 (Tenn. 1987).  In this case, however, the petitioner has previously exercised his right to seek post-conviction relief. See Joseph Shepherd v. State, No. 2002-01455-CCA-R3-PC (Tenn. Crim. App., Knoxville, Sept. 17, 2003), app. denied (Tenn. Jan 26, 2004).  See also, Tenn. Code Ann. § 40-30-202(c).  This court concludes that the trial court properly denied the petition for writ of habeas corpus.

Accordingly, the state's motion is granted.  The judgment of the trial court is affirmed in accordance with Rule 20, Tenn. Ct. Crim. App. R.

_____
NORMA McGEE OGLE, JUDGE