# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## MACK TRANSOU v. STATE OF TENNESSEE (CHERRY LINDAMOOD)

**Direct Appeal from the Circuit Court for Madison County**
**No. C05-283    Roy B. Morgan, Judge**

───────────────

**No. W2005-01935-CCA-R3-HC  - Filed March 7, 2006**

───────────────

The Petitioner Mack Transou appeals the trial court's denial of his petition for habeas corpus relief.  The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals.   The Petitioner has failed to comply with the procedural requirements for filing a petition for habeas corpus relief and has failed to allege any ground that would render the judgment of conviction void.  Accordingly, we grant the State's motion and affirm the judgment of the lower court.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

ALAN E. GLENN, J., delivered the opinion of the court, in which DAVID G. HAYES and J.C. MCLIN, JJ., joined.

Mack Transou, pro se.

Paul G. Summers, Attorney General & Reporter; Brian C. Johnson, Assistant Attorney General, for the appellee, the State of Tennessee.

### MEMORANDUM OPINION

On March 22, 1999, the Petitioner entered a guilty plea to driving after being declared a habitual motor vehicle offender.  The Madison County Circuit Court imposed a two year sentence. The court further ordered that ninety days of the sentence were to be served in the county jail and the remainder of the sentence was to be served in Community Corrections.  During the Petitioner's

1

intake, the Tennessee Department of Correction obtained a blood specimen from the Petitioner for the purpose of providing a DNA sample. *See State v. Mack T. Transou*, No. W2003-02966-CCA-R3-CD, 2005 WL 1154345, at *1 (Tenn. Crim. App., at Jackson, May 13, 2005), *reh'g denied*, (Jun. 7, 2005), *perm. to appeal granted*, (Tenn. Oct. 3, 2005). This blood sample was then provided to the Tennessee Bureau of Investigation, and the Petitioner's DNA profile was entered into a Combined DNA Index System (CODIS).

Based upon a match between the Petitioner's DNA index profile in CODIS and the DNA index profile of semen collected from the victim's sexual assault kit, the Petitioner was arrested in May 2002 for a December 23, 2001, rape, and a March 17, 2002, rape. A Madison County jury later found the Petitioner guilty in case 02-360 of one count of aggravated burglary and one count of rape arising from the December 2001 incident, *see State v. Mack T. Transou*, No. W2003-02966-CCA-R3-CD, 2005 WL 1154345, at *1, and in case 02-359 for one count of rape and one count of sexual battery arising from the March 2002 incident. *See State v. Mack T. Transou,* No. W2004-01475-CCA-R3-CD, 2005 WL 1541859, at *1 (Tenn. Crim. App., at Jackson, Jun. 30, 2005), *perm. to appeal granted*, (Tenn. Oct. 3, 2005). For these convictions, the Petitioner received an effective sixteen year sentence in case 02-359 and an effective sixteen year sentence in case 02-360. *State v. Mack T. Transou*, No. W2003-02966-CCA-R3-CD, 2005 WL 1154345, at *1; *State v. Mack T. Transou*, No. W2003-02966-CCA-R3-CD, 2005 WL 1154345, at *1. This Court affirmed the convictions and sentences on direct appeal. *State v. Mack T. Transou*, No. W2003-02966-CCA-R3-CD, 2005 WL 1154345, at *1; *State v. Mack T. Transou*, No. W2003-02966-CCA-R3-CD, 2005 WL 1154345, at *1. Our supreme court granted permission to appeal in both cases on October 3, 2005. The record before this Court indicates that the Petitioner is currently incarcerated at the South Central Correctional Facility in Clifton, Tennessee.

On July 15, 2005, the Petitioner filed an application for writ of habeas corpus relief, alleging that he is entitled to immediate release from confinement. Specifically, he complained that the convictions for which he is currently confined, his convictions in case numbers 02-359 and 02-360, were obtained as a result of the illegal action of the Tennessee Department of Correction in obtaining the blood sample used for identifying the Petitioner as the perpetrator of the offenses for which he was convicted. Petitioner further complained that the sentence imposed by the trial court for the 1999 conviction of driving after being declared a habitual motor vehicle offender was an illegal sentence. In this regard, it appears that the Petitioner contested the revocation of the "probated" portion of this sentence. Petitioner additionally argued that policies of the Tennessee Department of Correction violated his rights to due process. On July 27, 2005, the Madison County Circuit Court entered an order summarily dismissing the Petitioner's application for habeas corpus relief. Specifically, the trial court found:

> 1. . . . The petitioner is incarcerated in the Tennessee Department of Correction[] at Clifton and the petition should be filed in [Wayne] County. The petitioner does not state any reason why this Court should have venue in clear violation of the statute. The Court therefore finds that the defendant has failed to demonstrate that the proper venue lies in Madison County.

2

2. The petitioner's issue as to the legality of evidence specifically the DNA evidence . . . cannot be raised in a petition for habeas corpus. [] The writ of habeas corpus is limited in Tennessee to instances wherein the sentence has expired or the judgment is void not merely voidable.

3. The issue of the DNA evidence has been previously ruled upon in the underlying trial and the Court determined that the DNA evidence was admissible and that ruling was affirmed by the Court of Criminal Appeals. This issue has previously been determined and is therefore precluded from consideration.

4. The petition has not been verified nor has the petitioner included a copy of the judgment which he is challenging under habeas corpus. The procedural requirements for pursuing a writ of habeas corpus are mandatory, "and must be followed scrupulously." . . .

Petitioner timely filed a notice of appeal document.

The State asserts that the petition for habeas corpus relief should be dismissed as the Petitioner (1) filed his petition in the wrong court, (2) failed to attach the judgment forms to the petition, a requirement under section 29-21-107(b)(2), and (3) failed to verify the petition by affidavit, a requirement under section 29-21-107(a). Additionally, the State argues that the trial court properly dismissed the petition as failing to state a ground upon which habeas corpus relief may be granted and that the issue of the DNA evidence has previously been ruled upon by the Court of Criminal Appeals.

The procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. *Hickman v. State*, 153 S.W.3d 19-20 (Tenn. 2004). The formal requirements for an application for habeas corpus relief are codified at 29-21-107, Tennessee Code Annotated, and a trial court may properly choose to dismiss a petition for failing to comply with the statutory procedural requirements . . . ." *Hickman*, 153 S.W.3d at 21. In the present case, the Petitioner failed to adhere to the mandatory requirements for habeas corpus petitions. First, the Petitioner failed to include copies of the judgments of conviction under which he claims he is illegally detained. *See* T.C.A. § 29-21-107(b)(2). Next, the Petitioner failed to verify the petition by affidavit. *See* T.C.A. § 29-21-107(a). Additionally, the Petitioner failed to file the petition in compliance with Tennessee Code Annotated section 29-21-105, which provides that "[t]he application should be made to the court or judge most convenient in point of distance to the applicant, unless a sufficient reason be given in the petition for not applying to such court or judge." The Petitioner is confined in Wayne County. Accordingly, the petition for writ of habeas corpus must be filed in the Wayne County Circuit Court, and not in Madison County. Petitioner fails to allege in his petition any reason, much less a "sufficient reason" for not filing the petition in the Wayne County Circuit Court. These reasons alone provide adequate justification for the trial court's summary dismissal of the petition.

Additionally, the petition fails to state a ground for habeas corpus relief. The grounds upon which habeas corpus relief will be granted are narrow. *Hickman*, 153 S.W.3d at 20 (citations omitted). Relief will only be granted if the petition establishes that the challenged judgment is void.

*Id.* A judgment is void "only when '[i]t appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." *Id.* (quoting *State v. Ritchie*, 20 S.W.3d 624, 630 (Tenn. 2000) (citations omitted)). Unlike the post-conviction petition, the purpose of the habeas corpus petition is to contest a void, not merely voidable, judgment. *State ex rel. Newsome v. Henderson,* 221 Tenn. 24, 424 S.W.2d 186, 189 (1968). If the habeas corpus petition fails to demonstrate that the judgment is void or that the confinement is illegal, neither appointment of counsel nor an evidentiary hearing are required and the trial court may properly dismiss the petition. *Hickman,* 153 S.W.3d at 20 (citing T.C.A. § 29-21-109 (2000); *Dixon v. Holland*, 70 S.W.3d 33, 36 (Tenn. 2002)); *Passarella*, 891 S.W.2d at 619. The admissibility of DNA evidence is an issue that would render a judgment voidable, not void, and, thus, may not constitute a ground for habeas corpus relief. Furthermore, this issue was raised on direct appeal to this Court and the issue is currently pending review by our supreme court. *See State v. Mack T. Transou*, No. W2003-02966-CCA-R3-CD, 2005 WL 1154345, at *1; *State v. Mack T. Transou*, No. W2003-02966-CCA-R3-CD, 2005 WL 1154345, at *1.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. *See* Tenn. R. Ct. Crim. App. 20. We conclude that this case satisfies the criteria of Rule 20. Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____

ALAN E. GLENN, JUDGE