# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

## JUNE 1999 SESSION

FILED

August 25, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | * | C.C.A. # 03C01-9812-CR-00443 |
| Appellee, | * | HAMILTON COUNTY |
| VS. | * | Honorable Douglas A. Meyer, Judge |
| **GUILLERMO MATIAS JUAN,** | * | (Motion To Correct Sentence/Denied) |
| Appellant. | * | |

FOR THE APPELLANT:

GUILLERMO MATIAS JUAN
Pro Se Counsel
Southeastern Tennessee State
Regional Correctional Facility
Route 4, Box 600
Pikeville, TN 37367-9243

FOR THE APPELLEE:

PAUL G. SUMMERS
Attorney General & Reporter

MICHAEL J. FAHEY, II
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243

OPINION FILED: _____

**AFFIRMED - RULE 20**

**JOHN EVERETT WILLIAMS,**
Judge

# OPINION

In 1997, the defendant, Guillermo Matias Juan, filed a pro se "Motion to Correct Illegal Sentence" with the Hamilton County Circuit Court, and that court dismissed the Motion. The petitioner had been indicted for premeditated and deliberate murder, felony murder, aggravated burglary, and theft, and in 1991 he pleaded guilty to second degree murder. The state dismissed the burglary and theft charges. The trial court sentenced the petitioner to sixty years as a Range III offender. After review of the record, we AFFIRM the trial court's dismissing of the motion, pursuant to Tennessee Court of Criminal Appeals Rule 20.

The defendant, who allegedly did not understand English at the time of the trial, asserted that "the transcript of the plea hearing reflects that [the translator] was not qualified as an expert . . . in translating the English language into [the petitioner's native tongue]." The petitioner further asserted that "the trial court did not administer an oath to [the interpreter] to tell the truth and to make true translation to the petitioner." Therefore, the defendant concludes, he unknowingly waived Range I status and accepted Range III status. He argues that his plea was not knowing and voluntary, thereby rendering his subsequent sentence illegal.

First, we note that this Court lacks jurisdiction to grant the requested relief, because the defendant's "Motion to Correct An Illegal Sentence" is not a proper means of invoking our review. See Tenn. R. App. P. 3 (b). Also, the issue of a knowing or voluntary guilty plea is cognizable only within a post-conviction procedure, see Archer v. State, 851 S.W.2d 151 (Tenn. 1993), and the applicable statute of limitations for that relief has expired, see Tenn. Code Ann. § 40-30-202.

The petitioner further alleges that the sentence was illegal because second degree murder was not a lesser included offense of the indicted murder charge. We note that the grand jury indicted him for felony murder or, in the alternative, for "unlawfully, intentionally, deliberately and with premeditation" killing the victim. The Code at that time defined one basis of first degree murder as the intentional, premeditated, and deliberate killing of another. See Tenn. Code Ann. § 39-13-202 (1991). Second degree murder was a lesser included offense of that charge. See State v. Belser, 945 S.W.2d 776, 790 (Tenn. Crim. App. 1996); State v. Henderson, 424 S.W. 2d 186, 188 (Tenn. 1968).

Accordingly, the trial court's denying the Motion is AFFIRMED, pursuant to Tennessee Court of Criminal Appeals Rule 20.

_____
JOHN EVERETT WILLIAMS, Judge

CONCUR:

_____
JOHN H. PEAY, Judge

_____
DAVID G. HAYES, Judge