# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE

## TERRANCE LOWDERMILK v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Hamilton County**
**No. 246750     Rebecca J. Stern, Judge**

---

### No. E2004-00282-CCA-R3-HC - Filed July 22, 2004

---

The petitioner, Terrance Lowdermilk, appeals the trial court's dismissal of his petition for post-conviction relief. The state has filed a motion requesting that this court affirm the trial court's denial of relief pursuant to Rule 20, Tenn. Ct. Crim. App. R. The petition is barred by the statute of limitations and does not establish that the petitioner is alternatively entitled to relief by a writ of habeas corpus. Accordingly, the state's motion is granted and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed Pursuant to Rule 20, Tenn. Ct. Crim. App. R.**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and NORMA MCGEE OGLE, JJ., joined.

Terrance Lowdermilk, Edgefield, South Carolina, Pro Se.

Paul G. Summers, Attorney General and Reporter; Michelle Chapman McIntire, Assistant Attorney General; William H. Cox, III, District Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

On December 20, 2000, the petitioner was convicted pursuant to a guilty plea of aggravated assault. The trial court imposed a suspended six-year sentence on supervised probation. No direct appeal was apparently taken. According to the petitioner, probation was revoked in November 2002 and the sentence ordered into execution. On November 3, 2003, the petitioner sought post-conviction relief in the Criminal Court for Hamilton County. In his petition, he challenged the trial court's authority initially to impose a suspended sentence and thereafter to revoke probation. The petitioner further alleged that the indictment was invalid because it was not presented to the entire grand jury; that the composition of the grand jury was unlawful; that he received ineffective assistance of trial counsel; and that his guilty plea was unknowing, unintelligent and based on a false, coerced confession. The trial court found that the petition for post-conviction relief was filed untimely. Also, the trial court considered the petition as one for a writ of habeas corpus and found

that the claims presented were either not cognizable or lacked merit. The trial court dismissed the petition.

Before this court, the petitioner asserts that a trial court in this state has no authority to suspend a sentence after imposing a term of imprisonment and that the December 20, 2000, judgment placing him on probation is illegal. Noting the one-year limitation period for filing a post-conviction relief petition, the petitioner argues that a "[p]robation order is not a 'judgment' when the imposition of sentence is suspended" and that the date of the order revoking his probation rather than the date of the original judgment of conviction is the relevant date for determining whether his petition was timely filed. The petitioner concludes, however, that he is entitled to habeas corpus relief.

Tennessee Code Annotated Section 40-30-102(a) provides that a person must petition for post-conviction relief within one year of the date on which the judgment became final or consideration of the petition will be time-barred. The statute emphasizes that "[t]ime is of the essence of the right to file a petition for post-conviction relief or motion to reopen established by this chapter, and the one-year limitations period is an element of the right to file such an action and is a condition upon its exercise." Id. In the present case, the petition was filed nearly three years after entry of the challenged judgment, well beyond the one-year limitations period. None of the limited exceptions thereto apply. See Tenn. Code Ann. § 40-30-102(b). The trial court correctly found that the date of the revocation of probation was irrelevant in determining the timeliness of the petition for post-conviction relief. See State v. Young, 101 S.W.3d 430, 433 (Tenn. Crim. App. 2002) (holding that the Tennessee Post-Conviction Procedures Act does not permit the filing of a petition under its provisions to attack collaterally the validity of a proceeding to revoke the suspension of sentence and/or probation). The trial court properly dismissed the petition for post-conviction relief as untimely.

The trial court alternatively considered the pleading as one for habeas corpus relief. In this state, "[a]ny person imprisoned or restrained of his liberty, under any pretense whatsoever, except [those held under federal authority], may prosecute a writ of habeas corpus to inquire into the cause of such imprisonment and restraint." Church v. State, 987 S.W.2d 855, 857 (Tenn. Crim. App. 1998); Tenn. Code Ann. § 29-21-101. Habeas corpus relief is available only when it appears on the face of the judgment or the record that the trial court was without jurisdiction to convict or sentence the defendant or that his sentence has expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993) (citing State ex rel. Newsom v. Henderson, 221 Tenn. 24, 424 S.W.2d 186, 189 (1968)).

The petitioner has not established that he is entitled to a writ of habeas corpus. The majority of his claims, if proven, would render the challenged judgment voidable rather than void, and thus do not present cognizable claims for habeas corpus relief. The trial court correctly found that the remaining claims challenging the validity of the indictment and the initial suspension of the petitioner's sentence, although properly considered as claims for habeas corpus relief, lacked merit. First, the petitioner has not established an invalid indictment. Tenn. Code Ann. § 40-13-105 requires that only the foreman of the grand jury sign an indictment. Next, the initial suspension of the

petitioner's sentence was not illegal. Pursuant to Tenn. Code Ann. § 40-35-303(c), if a court determines that probation is appropriate, "the court shall sentence the defendant to a specific sentence but shall suspend the execution of all or part thereof and place the defendant on supervised or unsupervised probation either immediately or after a period of confinement . . . ." This court concludes that the trial court properly determined that the petitioner is not entitled to post-conviction or habeas corpus relief.

Accordingly, the state's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Tenn. Ct. Crim. App. R.

_____
JOSEPH M. TIPTON, JUDGE