IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

## LORENZO D. HARRIS v. WARDEN GLEN TURNER AND STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Hardeman County**
**No. 9739   Jon K. Blackwood, Judge**

_____

**No. W2004-02057-CCA-R3-HC  - Filed April 12, 2005**

_____

The Petitioner, Lorenzo D. Harris, appeals the trial court's denial of his petition for habeas corpus relief.  The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals.  Because the Petitioner has failed to allege a ground for relief which would render the judgment void, we grant the State's motion and affirm the judgment of the lower court.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

J.C. MCLIN, J., delivered the opinion of the court, in which DAVID G. HAYES and JOHN EVERETT WILLIAMS , JJ.  joined.

Lorenzo D. Harris, pro se.

Paul G. Summers, Attorney General & Reporter; David Edward Coenen, Assistant Attorney General, for the appellee, the State of Tennessee.

**MEMORANDUM OPINION**

On October 11, 2001, a Carroll County jury found the Petitioner guilty of one count of possession of a schedule II drug with intent, one count of possession of a schedule VI drug with intent, and one count of unlawful possession of drug paraphernalia.  The trial court imposed

1

concurrent sentences of eleven years, two years, and eleven months, twenty-nine days, respectively. These sentences were ordered to run consecutively to an eight-year sentence imposed as a result of Petitioner's March 20, 2000, conviction for the unlawful sale of a schedule II drug.[1] Petitioner is currently confined at the Hardeman County Correctional Facility.

On August 30, 2004, Petitioner filed a petition for writ of habeas corpus challenging his 2001 Carroll County convictions. As grounds for relief, Petitioner alleged that his convictions are void because (1) the trial court failed to instruct the jury on all lesser-included offenses embraced in the indictment for possession of a controlled substance with intent, (2) his convictions were obtained by the admission of hearsay evidence, and (3) trial counsel was ineffective. On August 6, 2004, the trial court summarily denied the petition for habeas corpus relief. Petitioner timely filed a notice of appeal document.

Habeas corpus relief is available in this state only when it appears on the face of the judgment or the record that the trial court was without jurisdiction to convict or sentence the defendant or that the sentence of imprisonment has otherwise expired. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *Potts v. State*, 833 S.W.2d 60, 62 (Tenn. 1992). Unlike the post-conviction petition, the purpose of the habeas corpus petition is to contest a void, not merely voidable, judgment. *State ex rel Newsome v. Henderson*, 221 Tenn. 24, 424 S.W.2d 186, 189 (1968). A petitioner cannot collaterally attack a facially valid conviction in a habeas corpus proceeding. *Potts*, 833 S.W.2d at 62. Moreover, when the habeas corpus petition fails to demonstrate that the judgment is void, a trial court may properly dismiss the petition without a hearing. *See Hickman v. State*, 153 S.W.3d 16, 19 (Tenn. 2004) (citing Tenn. Code Ann. § 29-21-109(2000); *Dixon*, 70 S.W.3d at 36)).

Petitioner alleges that the trial court failed to instruct the jury as to lesser included offenses and that the trial court improperly admitted hearsay evidence. Petitioner also asserts that trial counsel was ineffective. As these claims, if proven, would render the challenged judgments voidable rather than void, they do not present cognizable claims for habeas corpus relief. *See Passarella*, 891 S.W.2d at 627; *Luttrell v. State*, 644 S.W.2d 408, 409 (Tenn. Crim. App. 1982). None of the claims raised by Petitioner establish either that the Petitioner's sentence has expired or that the trial court was without jurisdiction to enter the judgments. Although these claims could have been pursued through a petition for post-conviction relief, such avenue of relief is barred by the one-year statute of limitations. *See* Tenn. Code Ann. § 40-30-102(a).

Petitioner has not established that he is entitled to habeas corpus relief. He has alleged neither a facially invalid judgment nor an expired sentence. Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

---

[1]Petitioner was released on probation for the March 20, 2000, offense after service of nine months. On October 11, 2001, this probated sentence was revoked and Petitioner was ordered to serve the remainder of the eight year sentence.

_____

J.C. MCLIN, JUDGE