# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## STEVEN RAY CHANCE (ARYAN RAY GARRETT)  v. DAVID G. MILLS, STATE OF TENNESSEE

### Direct Appeal from the Circuit Court for Lauderdale County
### No. R.D. 6025   Joe H. Walker, III, Judge

### No. W2006-00243-CCA-R3-HC  - Filed May 31, 2006

The Petitioner, Steven Ray Chance, appeals the trial court's denial of his petition for habeas corpus relief.  The State has filed a motion requesting that this Court affirm the trial court pursuant to Rule 20, Rules of the Court of Criminal Appeals.  The State's motion is granted.  The judgment of the trial court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

J.C. MCLIN, J., delivered the opinion of the court, in which DAVID G. HAYES  and JOHN EVERETT WILLIAMS, JJ.  joined.

Steven Ray Chance, pro se.

Paul G. Summers, Attorney General & Reporter; Sophia S. Lee, Assistant Attorney General, for the appellee, the State of Tennessee.

## MEMORANDUM OPINION

On February 1, 2001, the Petitioner, Steven Ray Chance, entered *nolo contendere* pleas to one count of aggravated burglary, two counts of aggravated assault and two counts of evading arrest. For these offenses, the trial court imposed an effective eight-year sentence.  This sentence was ordered to be served consecutive to an outstanding six-year sentence.  No direct appeal was taken,

1

however, Petitioner did seek post-conviction relief on the basis that trial counsel was ineffective. *See Steven Ray Chance v. State*, No. M2002-02991-CCA-R3-PC, 2003 WL 22038780 at \*1 (Tenn. Crim. App., at Nashville, Sept. 2, 2003), *perm. to appeal denied*, (Tenn. Dec. 29, 2003). The trial court denied the petition and the denial was affirmed by this Court. *Id.* Later, the Petitioner filed a document captioned "Affidavit of Specific Negative Averment." *See State v. Steven Ray Chance,* No. M2004-01729-CCA-R3-CD, 2004 WL 2636718, \*1 (Tenn. Crim. App., at Nashville, Nov. 16, 2004). In this pleading, the Petitioner alleged that his guilty plea violated the Uniform Commercial Code. *Id.* The trial court summarily dismissed the pleading and this Court affirmed the dismissal. *Id.*

On December 30, 2005, the Petitioner filed an application for habeas corpus relief in the Lauderdale County Circuit Court. As grounds for habeas corpus relief, the Petitioner claimed that the judgments against him were void because (1) the indictments were invalid and failed to vest the trial court with jurisdiction as the indictments failed to name Petitioner by his legal name, Aryan Ray Garrett; (2) the trial court denied the Petitioner his right to be heard and represent himself by refusing to rule on *pro se* motions and by conducting *ex parte* proceedings with the deputy district attorney general; and (3) the trial court violated the Petitioner's constitutional rights by failing to provide Petitioner with "the mandatory court records and discovery material . . .to enable [Petitioner] to prove the constitutional violations. . . ." By order entered January 13, 2006, the trial court denied habeas corpus relief. In denying relief, the trial court determined that the "Petitioner's sentences have not expired [and that] [t]he Criminal Court has jurisdiction or authority to sentence a defendant to the sentence he received." The court further found that, treated as a petition for post-conviction relief, the court was without jurisdiction. On January 25, 2006, the Petitioner filed a motion to reconsider/notice of appeal document in the trial court. A second notice of appeal document was filed on February 2, 2006.

The State has filed a motion requesting affirmance by this Court pursuant to Rule 20, Rules of the Court of Criminal Appeals. In support of its motion, the State asserts that the Petitioner has failed to allege claims that would entitle him to habeas corpus relief. The Petitioner has responded in opposition to the State's motion.

It is well established that the grounds upon which habeas corpus relief may be granted in this state are narrow. *Hickman v. State,* 153 S.W.3d 16, 20 (Tenn. 2004) (citations omitted). Relief will be granted if the petition establishes that the challenged judgment is void. *Id.* A judgment is void "only when '[i]t appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." *Hickman,* 153 S.W.3d at 20 (quoting *State v. Ritchie,* 20 S.W.3d 624, 630 (Tenn. 2000) (citations omitted)). The petitioner bears the burden of establishing either a void judgment or an illegal confinement by a preponderance of the evidence. *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). If the petitioner carries this burden, he is entitled to immediate release. *Id.* However, where the allegations in a petition for writ of habeas corpus do not demonstrate that the judgment is void, a trial court may correctly dismiss the petition without a hearing. *McLaney v. Bell,* 59 S.W.3d 90,

93 (Tenn. 2001) (citing T.C.A. § 29-21-109 (2000); *see, e.g., Archer,* 851 S.W.2d at 164 (parenthetical omitted)). The Petitioner does not contend that his sentences have expired, thus, he is only entitled to relief if his judgments are void.

On appeal to this Court, the Petitioner alleges that the judgments of conviction are void because (1) the trial court denied him his constitutional right to represent himself and (2) he was denied a speedy sentencing hearing. Although the State's motion addresses the Petitioner's claims regarding a defective indictment and the failure of the trial court to provide discovery, the Petitioner asserts in his response to the motion that these issues are "not up for review" and that he accepts the trial court's ruling in these areas. Thus, we proceed to consider only the claims raised on appeal. The claims raised by Petitioner, denial of a speedy trial and the denial of self-representation, allege constitutional violations. Unlike the post-conviction petition, which would afford a means of relief for constitutional violations, such as the claims raised herein, the purpose of the habeas corpus petition is to contest a void, not merely a voidable, judgment.[1] *State ex rel. Newsom v. Henderson,* 424 S.W.2d 186, 189 (Tenn.1968). Accordingly, said claims are not cognizable in a habeas corpus proceeding.

The Petitioner failed to state a ground upon which habeas corpus relief can be granted. Accordingly, the trial court properly dismissed the petition. The State's motion is granted and the judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____

J.C. MCLIN, JUDGE

---

[1]We note that the time for filing a petition for post-conviction relief has expired. *See* T.C.A. 40-30-102(a).