IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs January 9, 2007

**JEFFERY YATES v. STATE OF TENNESSEE**

**Direct Appeal from the Circuit Court for Hardeman County**
**No. 06-02-0137    Joseph H. Walker, III, Judge**

---

**No. W2006-00969-CCA-R3-HC  - Filed March 29, 2007**

---

The petitioner, Jeffery Yates, appeals the Hardeman County Circuit Court's denial of his petition for habeas corpus relief from his convictions for especially aggravated kidnapping, aggravated kidnapping, and attempted aggravated robbery.  He contends that his sentences are illegal and, therefore, that his judgments of conviction are void.  Upon review of the record and the parties' briefs, we affirm the trial court's denial of the petition for habeas corpus relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which DAVID G. HAYES and J.C. MCLIN, JJ., joined.

Jeffery Yates, Pro se.

Michael E. Moore, Acting Attorney General and Reporter; David H. Findley Assistant Attorney General; D. Michael Dunavant, District Attorney General; and James Pentecost, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I.  Factual Background**

The record reflects that on April 23, 1993, the petitioner was convicted by a Shelby County Criminal Court jury of especially aggravated kidnapping, aggravated kidnapping, and attempted aggravated robbery and received an effective eighteen-year sentence.  On June 14, 1994, the petitioner pled guilty in the Shelby County Criminal Court to five counts of aggravated assault and two counts of possessing cocaine and received an effective ten-year sentence.  The trial court ordered that the ten-year sentence be served concurrently with the eighteen-year sentence.  On April 10, 2006, the petitioner filed a petition for a writ of habeas corpus in the Hardeman County Circuit Court, alleging that he was on bail for the five aggravated assaults and for one count of possessing cocaine when he committed the especially aggravated kidnapping, aggravated kidnapping, and

attempted aggravated robbery and, therefore, that his effective eighteen-year sentence was illegal because he was required to serve it consecutively to the effective ten-year sentence. The habeas corpus court concluded that the petitioner had not demonstrated a right to relief and dismissed the petition without appointing counsel or conducting a hearing. On appeal, the petitioner claims that the habeas corpus court erred by denying his petition, arguing that it is "irrefutable" that his sentences are illegal and that the judgments of conviction are void.

## II. Analysis

The purpose of a habeas corpus petition is to contest void and not merely voidable judgments. Archer v. State, 851 S.W.2d 157, 163 (Tenn. 1993) (citing State ex rel. Newsom v. Henderson, 221 Tenn. 24, 424 S.W.2d 186, 189 (1968)). Habeas corpus relief is available only when it appears on the face of the judgment or the record that the trial court was without jurisdiction to convict or sentence the defendant or that his sentence has expired. Archer, 851 S.W.2d at 164. The burden is on the petitioner to establish that the judgment is void or that the sentence has expired. State ex rel. Kuntz v. Bomar, 214 Tenn. 500, 504, 381 S.W.2d 290, 291-92 (1964). A trial court may summarily dismiss a petition for writ of habeas corpus without the appointment of counsel and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. Passarella v. State, 891 S.W.2d 619 (Tenn. Crim. App. 1994).

Tennessee Code Annotated section 40-20-111(b) provides that if a defendant commits a felony while on bail "and the defendant is convicted of both offenses, the trial judge . . . shall order that the sentences be served cumulatively." The Tennessee Rule of Criminal Procedure 32(c)(3) also provides that

> [w]hen a defendant is convicted of multiple offenses from one trial or when the defendant has additional sentences not yet fully served as the result of convictions in the same or other court and the law requires consecutive sentences, the sentence shall be consecutive whether the judgment explicitly so orders or not. This rule shall apply:
>
> . . .
>
> (C) to a sentence for a felony committed while the defendant was released on bail and the defendant is convicted of both offenses[.]

Turning to the instant case, the petitioner attached ten judgment forms to his petition. According to the judgment forms, between November 1990 and July 1991, the petitioner committed the five aggravated assaults and one count of possessing cocaine. The judgment forms for the especially aggravated kidnapping, aggravated kidnapping, and attempted aggravated robbery at issue show that he committed those offenses in December 1991 but are silent as to whether he was on bail

when he committed the offenses. Moreover, the petitioner has failed to attach any other documents to his petition which show that he was on bail for the prior six offenses when he committed the latter three offenses. As our supreme court recently explained,

> In the case of an illegal sentence claim based on facts not apparent from the face of the judgment, an adequate record for summary review must include pertinent documents to support those factual assertions. When such documents from the record of the underlying proceedings are not attached to the habeas corpus petition, a trial court may properly choose to dismiss the petition without the appointment of counsel and without an evidentiary hearing.

Charles G. Summers v. State, 212 S.W.3d 251, No. M2004-02806-SC-R11-HC, 2007 Tenn. LEXIS 15, at **25-26 (Nashville, Jan. 23, 2007). Because the judgment forms for the especially aggravated kidnapping, aggravated kidnapping, and attempted aggravated robbery convictions are facially valid, the habeas corpus court properly denied the petition for habeas corpus relief.

### III. Conclusion

Based upon the record and the parties' briefs, we affirm the judgment of the habeas corpus court.

_____
NORMA McGEE OGLE, JUDGE