IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs at Knoxville November 2, 2010

## TRAVIS DEAN JACKSON v. STATE OF TENNESSEE

**Appeal from the Hardeman County Circuit Court**
**No. 10-CR-55     Joe H. Walker, III, Judge**

### No. W2010-00909-CCA-R3-HC  - Filed March 21, 2011

The Petitioner, Travis Dean Jackson, appeals the Hardeman County Circuit Court's dismissal of his petition for habeas corpus relief from his 2008 conviction for rape of a child. He claims his conviction is void because his guilty plea was not knowing and voluntary and was the result of misrepresentations that he would receive sentence reduction credits that were not applicable to his conviction. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOSEPH M. TIPTON, P.J., delivered the opinion of the Court, in which JERRY L. SMITH and JOHN EVERETT WILLIAMS, JJ., joined.

Travis Dean Jackson, Whiteville, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; Cameron L. Hyder, Assistant Attorney General; Mike Dunavant, District Attorney General; and Ray Crouch, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

        The Petitioner pled nolo contendere on February 12, 2008, to rape of a child. At the plea hearing, the Petitioner stipulated that the State would show that on June 1, 2007, he sexually penetrated a child less than thirteen years old. The trial court sentenced him pursuant to a plea agreement to fifteen years' confinement at one-hundred percent release eligibility. On May 8, 2009, the Petitioner filed a petition for post-conviction relief. The petition was summarily dismissed for being filed outside the applicable statute of limitations, and this court affirmed the dismissal. See Travis Dean Jackson v. State, No. M2009-01825-CCA-R3-PC, Davidson County (Tenn. Crim. App. June 11, 2010).

On April 8, 2010, the Petitioner filed a petition for writ of habeas corpus alleging that his judgment of conviction was void and illegal because his guilty plea was not knowing and voluntary and was the result of misrepresentations that he would receive sentence reduction credits that were not applicable to his conviction. He argued that trial counsel and the trial court each told him that he would be required to serve eighty-five percent of his sentence instead of one-hundred percent. The trial court found that the Petitioner's sentence had not expired and that the convicting court had jurisdiction to sentence him. The trial court found that the Petitioner was not entitled to habeas corpus relief and dismissed the petition. This appeal followed.

In Tennessee, habeas corpus relief is available only when it appears on the face of the judgment or the record that the trial court was without jurisdiction to convict or sentence the defendant or that his sentence has expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). The purpose of the habeas corpus petition is to contest a void, not merely a voidable, judgment. State ex rel. Newsom v. Henderson, 424 S.W.2d 186, 189 (1969). A void, as opposed to a voidable, judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007). A voidable judgment "is one that is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity." Id. at 255-56. The burden is on the petitioner to establish that the judgment is void or that the sentence has expired. State ex rel. Kuntz v. Bomar, 381 S.W.2d 290, 291-92 (1964). The trial court may summarily dismiss a petition for writ of habeas corpus relief when the petitioner does not state a cognizable claim. Hickman v. State, 153 S.W.3d 16, 20 (Tenn. 2004).

Although the judgment reflects that the Petitioner was sentenced to fifteen years' confinement at one-hundred percent release eligibility, the Petitioner argues that he was misled into believing that his sentence would be served at eighty-five percent release eligibility. He argues that trial counsel advised him that he would be required to serve eighty-five percent of his sentence and that the trial court reinforced this misrepresentation at the plea hearing. At the hearing, the trial court asked the Petitioner if he understood that his sentence would be fifteen years' confinement at one-hundred percent. After the Petitioner said he understood, the trial court stated, "Now it's not at 100 percent, it is more like 85 . . . because they will give you some credit against your sentence . . . ."

On review, we conclude that the Petitioner does not state a claim for which habeas corpus relief is available. We note that the trial court was incorrect when it advised the Petitioner that sentence reduction credits would apply to his conviction. See T.C.A. § 40-35-501(i)(3) (2006) (amended 2007, 2008, 2009, 2010). However, proof that the Petitioner's plea was not knowing and voluntary because it was the result of misrepresentations would

only render the judgment voidable, not void. See Archer, 851 S.W.2d at 163-64; Christopher Keyln Dearing v. Howard Carlton, Warden, No. E2007-01191-CCA-R3-HC, Johnson County, slip op. at 3 (Tenn. Crim. App. Feb. 1, 2008) ("[Although] a guilty plea induced by misrepresentation is improper, a claim that a guilty plea was not voluntarily entered, even if proven, merely renders a judgment voidable, not void.") (citing Archer 851 S.W.2d at 164). The Petitioner has not established that his fifteen-year sentence has expired or that the trial court was without jurisdiction to convict and sentence him. The Petitioner is not entitled to relief.

In consideration of the foregoing and the record as a whole, we affirm the judgment of the trial court.

_____
JOSEPH M. TIPTON,  PRESIDING JUDGE