# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE

### DWAYNE R. CROSS v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Blount County**
**Nos. C-10380, C-10542    David Reed Duggan, Judge**

---

**No. E2009-02153-CCA-R3-CO - Filed September 29, 2011**

---

The defendant, Dwayne R. Cross, appeals the Blount County Circuit Court's denial of his motion to dismiss the indictments in this case, and the State moves this court to affirm the circuit court's order summarily via Tennessee Court of Criminal Appeals Rule 20. The State's motion is well taken, and accordingly, the circuit court's order is affirmed pursuant to Rule 20.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and NORMA MCGEE OGLE, J., joined.

Dwayne R. Cross, appellant, pro se.

Robert E. Cooper, Jr., Attorney General & Reporter; and Clark Bryan Thornton, Assistant Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

In one of the defendant's cases, following a jury trial, the trial court entered a judgment of conviction of rape in 1999. Also, later in 1999, following a guilty plea, the trial court entered a judgment of conviction of second degree murder. The defendant appealed his conviction and nine-year sentence in the rape case; this court affirmed the trial court in that case. *See State v. Dewayne R. Cross*, No. 03C01-CC-00053 (Tenn. Crim. App., Knoxville, Feb. 7, 2000). This court also affirmed the trial court's denial of the defendant's petition for post-conviction relief from the rape conviction. *See Dewayne R. Cross v. State*,

No. E2006-00375-CCA-R3-PC (Tenn. Crim. App., Knoxville, Sept. 20, 2006).[1] Apparently, no appeal emanated from the murder conviction, and no post-conviction proceeding ensued.

The defendant predicated his 2009 motion to dismiss his indictments upon the claim that the Blount County Circuit Court systematically excluded African Americans from the position of grand jury foreperson. The circuit court summarily dismissed the motion.

We deem the defendant's claim to import only that the convictions are voidable, not void, and as such, the conviction judgments were final long before the motion to dismiss was filed. The defendant's claim of systematic exclusion of African American's from the post of grand jury foreperson bespeaks a facet of the Sixth Amendment right to jury trial. *State v. Bell*, 745 S.W.2d 858, 860 (Tenn. 1988) ("Selection of a . . . jury from a representative cross-section of the community is an essential component of the Sixth Amendment right to a jury trial.") (citing *Taylor v. Louisiana*, 419 U.S. 522 (1975)). This court has consistently held that claims of deprivations of the right to jury trial render the resulting judgments voidable and not void. *See, e.g., Francis L. Sanschargrin v. State*, No. M2005-00304-CCA-R3-HC, slip op. at 2 (Tenn. Crim. App., Nashville, Aug. 11, 2005); *Wayford Demonbruen, Jr. v. State*, No. M2004-03037-CCA-R3-HC (Tenn. Crim. App., Nashville, June 30, 2005); *Robert Howell v. Tony Parker*, W2005-00521-CCA-R3-HC, (Tenn. Crim. App., Jackson, June 27, 2005); *see also State v. Neal*, 810 S.W.2d 131, 134 (Tenn. 1991) (failure to apprize the defendant of the "full litany of information [concerning his constitutional privileges] that is required to be communicated" to the accused prior to his giving up the right to a jury trial "merely renders the related judgment voidable rather than void"). In the present case, the trial court lost jurisdiction to operate within the original criminal cases.

Thus, based upon the defendant's claim, the only theoretical challenge to his indictments would come in the form of collateral attack. The availability of collateral attack upon criminal convictions, however, is limited. For instance, relief in the form of a writ of habeas corpus is not available when the challenged judgment is merely voidable. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *State ex rel. Newsom v. Henderson*, 424 S.W.2d 186, 189 (Tenn. 1968). Collateral attack in the form of a proceeding pursuant to the Post-Conviction Procedure Act is available when a constitutional deprivation renders a criminal judgment merely voidable, *see* T.C.A. § 40-30-103, but procedural impediments within the Act preclude the claim now under review.

---

[1] These appellate opinions spell the defendant's first name "Dewayne." The motion to dismiss is the leading process of the case now under review, and in this pro se motion, the defendant spells his first name "Dwayne." This usage is the basis for the appellation used in the current style of the case.

The defendant exhausted his opportunity to challenge his rape conviction via a petition for post-conviction relief. *See* T.C.A. § 40-30-102 (c) ("This part contemplates the filing of only one (1) petition for post-conviction relief. In no event may more than one (1) petition for post-conviction relief be filed attacking a single judgment. If a prior petition has been filed which was resolved on the merits by a court of competent jurisdiction, any second or subsequent petition shall be summarily dismissed."). Although a "petitioner may move to reopen a post-conviction proceeding that has been concluded, under the limited circumstances set out in [section] 40-30-117," the defendant's claim does not state a basis for reopening his earlier post-conviction petition. As a 2009 post-conviction petition leveled at the murder conviction, the present action is barred by the one-year statute of limitations. *See id.* § 40-30-102(a).

We discern no other avenues for presenting the claim the defendant asserted in his motion. Accordingly, we affirm the denial of the motion pursuant to Rule 20.

_____

JAMES CURWOOD WITT, JR., JUDGE