IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 10, 2024

## WILLIAM G. CREASY v. VINCENT VANTELL

**Appeal from the Circuit Court for Trousdale County
No. 2023-CV-5083    Michael Collins, Judge**

### No. M2024-00531-CCA-R3-HC

The Petitioner, William G. Creasy, appeals the Trousdale County Circuit Court's summary dismissal of his petition for writ of habeas corpus relief. Following our review, we affirm the judgment of the habeas corpus court pursuant to Rule 20 of the Rules of the Court of Criminal Appeals.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

KYLE A. HIXSON, J., delivered the opinion of the court, in which TIMOTHY L. EASTER and TOM GREENHOLTZ, JJ., joined.

William G. Creasy, Hartsville, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; and Raymond J. Lepone, Assistant Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

In April 2019, the Petitioner pled guilty to numerous offenses in the Sumner County Criminal Court and received an effective sentence of sixteen years as a persistent offender to be served on community corrections. The Petitioner subsequently violated the terms of his release by, among other violations, accruing new charges. On February 13, 2020, the Petitioner agreed to plead guilty to the new offenses and to serve his original sixteen-year sentence in confinement. For the new offenses, the Petitioner agreed to serve an effective fifteen-year sentence as a career offender that would run concurrently with his original sentence.

On October 5, 2023, the Petitioner filed a petition for writ of habeas corpus in the Trousdale County Circuit Court. The Petitioner averred therein the cause and pretense of his illegal restraint as follows:

> My Wife [and] Brother were arrested, used against Me. We were railroaded a preliminary hearing for [the original case] and No one ever showed any of us our discovery. Plea was entered Under duress because of threats made to my family. I never seen any Proof of What's said to be had. Audio Recordings prove I was denied my Constitutional rights.

Attached to the petition were a "Memorandum of Law" and a "Statement of Facts" wherein the Petitioner set forth many grievances regarding the procedures used in Sumner County that culminated in his convictions.

On March 11, 2024, the habeas corpus court entered an order summarily denying the petition. After reviewing the relevant law and the Petitioner's claims, the habeas corpus court noted, "Errors, if committed, at the trial court level do not necessarily divest that court of jurisdiction." The habeas corpus court concluded, "In this matter it appears the judgments were valid on their face and the trial court had jurisdiction, therefore, any and all claims for relief sought in this application for habeas corpus relief are hereby denied without an evidentiary hearing." The Petitioner filed a timely notice of appeal.

The Petitioner's brief on appeal is difficult to decipher. Instead of containing issues presented for review, that section of the brief consists of the Petitioner's narrative of his criminal proceedings followed by his apparent request for records concerning a Sumner County prosecutor and the jail visitation records of two lawyers. Instead of listing a table of authorities, the Petitioner includes a list of grievances with his criminal proceedings, which include the State's loss of a video recording, an accusation of malicious prosecutorial action, and the State's withholding of discovery. The Petitioner briefly alludes to the claim made in his original petition that his wife and brother were arrested and "used" to make him plead guilty. The Petitioner concludes, in part, by expressing his desire to speak to the governor and by stating, "I want to make sure when we[']re done there[']s no doubt [the plea court] should be placed on death roll [sic]."

The State responds that the Petitioner has waived his arguments due to inadequate briefing and that, in any event, the habeas corpus court properly dismissed the petition without a hearing.

- 2 -

We conclude that the Petitioner has waived his arguments due to his failure to comply with the briefing requirements of Tennessee Rule of Appellate Procedure 27(a) and Tennessee Court of Criminal Appeals Rule 10. The Petitioner's brief fails to clearly set forth the issues presented, and it does not contain any references to the record or "a concise statement of the applicable standard of review." *See* Tenn. R. App. P. 27(a)(4), (7). Instead, the brief can best be described as a stream-of-consciousness airing of grievances regarding almost every aspect of his criminal proceedings. Accordingly, the Petitioner's arguments are waived. Tenn. Ct. Crim. App. R. 10(b).

Waiver notwithstanding, the habeas corpus court properly denied the petition because it failed to state a cognizable claim for habeas corpus relief. Regarding the Petitioner's claim that he entered his plea under duress, such a claim, if true, would merely render the judgments voidable and not void. *See Archer v. State*, 851 S.W.2d 157, 163 (Tenn. 1993); *see also State ex rel. Newsom v. Henderson*, 424 S.W.2d 186, 189 (Tenn. 1968) (noting the purpose of the habeas corpus petition is to contest a void, not merely a voidable, judgment). None of the Petitioner's other claims regarding the conduct of his proceedings, including his claim of withheld discovery, demonstrates that the plea court lacked jurisdiction to render judgment over the Petitioner or that his judgments are otherwise facially invalid. *See State v. Ritchie*, 20 S.W.3d 624, 630 (Tenn. 2000).

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. *See* Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. We, therefore, affirm the judgment of the habeas corpus court in accordance with Rule 20 of the Rules of the Court of Criminal Appeals.

 s/ Kyle A. Hixson
KYLE A. HIXSON, JUDGE

- 3 -