IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON


**TOMMY DIXON v. STATE OF TENNESSEE**

**Direct Appeal from the Circuit Court for Lake County**
**No. 05-CR-8754    R. Lee Moore, Jr., Judge**

————————

**No. W2005-02921-CCA-R3-HC  - Filed May 31, 2006**

————————


The Petitioner, Tommy Dixon, appeals the trial court's denial of his petition for habeas corpus relief.  The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals.  Petitioner has failed to allege any ground that would render the judgments of conviction void.  Accordingly, we grant the State's motion and affirm the judgment of the lower court.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

Tommy Dixon, pro se.

Paul G. Summers, Attorney General & Reporter; Sophia S. Lee, Assistant Attorney General, for the appellee, the State of Tennessee.


**MEMORANDUM OPINION**


On March 22, 2004, the Petitioner, Tommy Dixon, entered guilty pleas to three counts of aggravated assault, class C felonies.  For these offenses, the trial court imposed an effective sentence of twelve years confinement in the Department of Correction.  No direct appeal of the sentence was taken.  The Petitioner is currently confined at the Northwest Correctional Complex in Tiptonville, Tennessee.

On November 8, 2005, the Petitioner filed an application for writ of habeas corpus relief. As grounds for relief, the Petitioner alleged that he is innocent of the charges, that the trial court erred in ordering the sentences be served consecutively, that the indictment was defective, and that his sentences were enhanced in violation of *Blakely v. Washington.* By order entered December 5, 2005, the lower court denied habeas corpus relief, finding that the Petitioner's application was defective in failing to attach all documentation showing the basis of the allegation of his illegal restraint. *See* T.C.A. § 29-21-107(2). Additionally, as to the merits of the application, the lower court found:

> It is clear, however, that the petitioner was indicted on three class A felonies. The indictments were amended to aggravated assault which are Class C felonies and guilty pleas were entered subject to a plea agreement of six years on each count with one count running consecutively for an effective twelve year sentence.
>
> The first ground for relief that he is actually innocent of the charge is not a proper issue for habeas corpus relief. In the case of State v. Gomez and Londono, M2002-01209-SC-R11-CD, the Tennessee Supreme Court determined that the Tennessee Sentencing Reform Act was constitutional and did not violate the defendant's Sixth Amendment Rights. The petitioner was sentenced to six years within the range of punishment of a Standard Range I offender for a Class C felony. There would not necessarily be any Apprendi violation if the matter had been a straight sentence. In this case, however, the State had reduced three counts of a Class A felony indictment to three counts of a Class C felony indictment based on the acceptance of a twelve year effective sentence. The allegations of the petitioner as to the various violations are without merit from a fact standpoint. The indictments appear to be adequately drawn or at least two counts of the three indictments are adequately drawn and the sentence based on a plea of guilty is not void nor has it expired. There is no basis for habeas corpus relief. . . .

A notice of appeal document was timely filed on December 20, 2005.

The right to seek habeas corpus relief is guaranteed by article I, section 15 of the Tennessee Constitution. *Hickman v. State*,153 S.W.3d 16, 19 (Tenn. 2004). However, the grounds upon which habeas corpus relief will be granted are narrow. *Id.* at 20 (citations omitted). Relief will only be granted if the petition establishes that the challenged judgment is void. *Id.* A judgment is void "only when '[i]t appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." *Id.* (quoting *State v. Ritchie*, 20 S.W.3d 624, 630 (Tenn. 2000) (citations omitted)). Unlike the post-conviction petition, the purpose of the habeas corpus petition is to contest a void, not merely voidable, judgment. *State ex rel. Newsome v. Henderson,* 221 Tenn. 24, 424 S.W.2d 186, 189 (1968).

The petitioner has the burden of establishing either a void judgment or an illegal confinement by a preponderance of the evidence. *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). If the petitioner carries this burden, he is entitled to immediate release. *Id.* However, if the habeas corpus petition fails to demonstrate that the judgment is void or that the confinement is illegal, neither appointment of counsel nor an evidentiary hearing are required and the trial court may properly dismiss the petition. *Hickman,* 153 S.W.3d at 20 (citing T.C.A. § 29-21-109 (2000); *Dixon v. Holland*, 70 S.W.3d 33, 36 (Tenn. 2002)); *Passarella*, 891 S.W.2d at 619.

The State has filed a motion requesting affirmance of the lower court's dismissal pursuant to Rule 20, Rules of the Tennessee Court of Criminal Appeals. The State argues that the Petitioner fails to state a cognizable claim for habeas corpus relief. While preserving the issue for future review, the Petitioner concedes that his *Blakely* issue is moot in light of the Tennessee Supreme Court's ruling in *State v. Gomez.*

In the present case, the trial court found that the petition failed to allege any ground demonstrating that the judgment was void. We agree. On appeal, the Petitioner raises only his claims regarding (1) the propriety of consecutive sentences and (2) the imposition of sentences in violation of *Blakely v. Washington.*[1]  First, the Petitioner's claim that his convictions or sentences are void as he was sentenced in violation of *Blakely v. Washington* fails as, even if such a violation had occurred, the violation would only render the judgment voidable, not void.[2] *See Earl David Crawford v. Ricky Bell,* No. M2004-02440-CCA-R3-HC, 2005 WL 354106, *1 (Tenn. Crim. App., at Nashville, Feb. 15, 2005). Next, the Petitioner's claim that the imposition of consecutive sentences was erroneous is not subject to habeas corpus relief. *James Oliver Ross v. State*, No. W2003-00843-CCA-R3-HC, 2003 WL 23100816, * 2 (Tenn. Crim. App., at Jackson, Dec. 31, 2003)(challenges to sentence not ground cognizable in habeas corpus proceeding); *Alonzo Stewart v. State*, No. 03C01-9810-CR-00380, 1999 WL 521195, at * 1 (Tenn. Crim. App., at Jackson, Jul. 23, 1999), *perm. to appeal denied*, (Tenn. Nov. 9, 1999). Thus, the Petitioner's claims are not cognizable in a habeas corpus proceeding. Where the allegations in a petition for writ of habeas

---

[1]

The Petitioner has elected not to seek this Court's review of his claims that (1) he is innocent of the convicted offenses and (2) the indictments are defective. Accordingly, as noted by the State, these claims are waived on appeal.

[2]

Regarding Petitioner's *Blakely* claim, we acknowledge that, while a claim alleging a constitutional violation may be raised in a petition for post-conviction relief, *see* T.C.A. § 40-30-103, the Petitioner is statutorily time-barred from seeking such relief in the instant case. *See* T.C.A. § 40-30-102(a). Although certain circumstances, including a final ruling of an appellate court establishing a new constitutional right, permit the tolling of the statute of limitations, *see, e.g.,* T.C.A. § 40-30-102(b)(1), the United States Supreme Court's holding in *Blakely v. Washington* fails to afford the Petitioner a ground for post-conviction relief as the *Blakley* decision is not to be given retroactive application. *See State v. Gomez*, 163 S.W.3d 632 (Tenn.), *reh'g denied*, (2005); *Earl David Crawford v. State*, No. M2004-02440-CCA-R3-HC, 2005 WL 354106, *1; *see also Isaac Herron v. State,* No. W2004-02533-CCA-R28-PC (Tenn. Crim. App., at Jackson, Nov. 22, 2004) (*order*).

corpus relief do not demonstrate that the judgment is void, the trial court may properly dismiss the petition without a hearing. *McLaney v. Bell,* 59 S.W.3d 90, 93 (Tenn. 2001).

Upon consideration of the record, the pleadings and the applicable law, this Court concludes that the Petitioner has failed to establish that he is entitled to habeas corpus relief. He has neither established that his effective sentence has expired nor has he established that the trial court was without jurisdiction or authority to enter the sentences imposed. The trial court properly determined that the Petitioner had failed to establish his entitlement to habeas corpus relief. When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. *See* Tenn. R. Ct. Crim. App. 20. We conclude that this case satisfies the criteria of Rule 20. Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____

DAVID G. HAYES, JUDGE