# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

## JASPER D. LEWIS v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 95-A-153; 95-B-1295**

---

**No. M2008-02083-CCA-R3-HC - Filed June 11, 2009**

---

The Appellant, Jasper D. Lewis, appeals the trial court's dismissal of his petition for habeas corpus relief. The Appellant fails to assert a cognizable claim for which habeas corpus relief may be granted. Accordingly, the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JERRY L. SMITH, J., delivered the opinion of the court, in which DAVID H. WELLES and THOMAS T. WOODALL, JJ. joined.

Jasper D. Lewis, pro se.

Robert E. Cooper, Jr., Attorney General & Reporter; Rachel West Harmon, Assistant Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

The Appellant was convicted of first degree murder and robbery in 1995, for which he received consecutive life and five year sentences. State v. Jasper D. Lewis, No. 01C01-9604-CR-00162, 1999 WL 236434 (Tenn. Crim. App. Apr. 23, 1999). The Appellant filed the instant petition for a writ of habeas corpus on April 7, 2008. The Appellant claims he is being illegally confined in violation of his constitutional right to remain silent and right against self-incrimination. The trial court dismissed the petition without a hearing. The Appellant appealed, and the State has filed a motion to affirm pursuant to Court of Criminal Appeals Rule 20. For the reasons stated below, the State's motion is granted.

Article I, Section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief, and Tennessee Code Annotated Sections 29-21-101 et seq. codify the applicable procedures for seeking such a writ. However, the grounds upon which our law provides relief are very narrow. McLaney v. Bell, 59 S.W.3d 90, 92 (Tenn. 2001). Habeas corpus relief is available in this state only when it appears on the face of the judgment or the record of the proceedings that the trial court was without jurisdiction to convict or sentence the defendant or that the sentence of imprisonment has

otherwise expired.  Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993).   In other words, habeas corpus relief may only be sought when the judgment is void, not merely voidable.  Taylor v. State, 995 S.W.2d 78, 83(Tenn. 1999). "[W]here the allegations in a petition for writ of habeas corpus do not demonstrate that the judgment is void, a trial court may correctly dismiss the petition without a hearing."  McLaney, 59 S.W.3d at 93.  A petitioner cannot collaterally attack a facially valid conviction in a habeas corpus proceeding.  Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992); State ex rel. Holbrook v. Bomar, 364 S.W.2d 887, 888 (Tenn. 1963).  Unlike a post-conviction petition, the purpose of a habeas corpus petition is to contest a void, not merely voidable, judgment.  State ex rel. Newsome v. Henderson, 424 S.W.2d 186, 189 (Tenn. 1968).

The trial court concluded that the grounds for relief raised by the Appellant may be addressed in a post-conviction proceeding but are not actionable in one seeking habeas corpus relief.  We agree. The Appellant's challenge in this case would necessarily involve investigation beyond the face of the judgment or record.  See Archer, 851 S.W.2d at 164.  Even if the Appellant's claims have merit, such claims would render the judgment voidable, not void, and it may not be collaterally attacked in a suit for habeas corpus relief.  The Court notes that the Appellant previously appealed the ruling on a petition for post-conviction relief which he filed in the trial court.  However, that appeal was dismissed for want of prosecution prior to a hearing on the merits.  Jasper D. Lewis v. State, No. M2007-02102-CCA-R3-PC (Tenn. Crim. App., Mar. 17, 2008) (order).  Furthermore, as the State correctly observes, the instant petition, if treated as a post-conviction petition, would be considered untimely under the Post-Conviction Procedure Act.  See Tenn. Code Ann. §§ 40-30-105(c); 40-30-102.

For these reasons, the State's motion is granted.  The judgment of the trial court is affirmed in accordance with Rule 20.


_____
JERRY L. SMITH, JUDGE