# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

### ASATA D. LOWE v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Hickman County**
**No. 08-5091C**

---

**No. M2009-00444-CCA-R3-HC - Filed Janaury 13, 2010**

---

The Appellant, Asata D. Lowe, appeals the trial court's dismissal of his petition for habeas corpus relief. The Appellant fails to assert a cognizable claim for which habeas corpus relief may be granted. Accordingly, the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court Affirmed**
**Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which DAVID H. WELLES and JERRY L. SMITH, JJ. joined.

Asata D. Lowe, pro se.

Robert E. Cooper, Jr., Attorney General & Reporter; Clarence E. Lutz, Assistant Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

The Appellant was convicted of two counts first degree murder and one count of especially aggravated robbery in 2000, and he was sentenced to life without the possibility of parole. State v. Asata Lowe, No. E2000-01591-CCA-R3-CD, 2002 WL 31051631 (Tenn. Crim. App., Sep. 16, 2002), perm. to app. denied, (Tenn., Feb. 3, 2003). The Appellant unsuccessfully pursued post-conviction relief. See Asata Lowe v. State, No. E2006-02028-CCA-Mr3-PC, 2008 WL 631169 (Tenn. Crim. App., Mar. 10, 2008), perm. to app. denied, (Tenn., Aug. 25, 2008). The Appellant filed the instant petition for a writ of habeas corpus on November 5, 2008. The Appellant claimed his sentence has expired and/or that the judgments of his convictions are void because of the ineffective assistance of his attorney and other alleged errors at trial. The Appellant also claimed that those sections of the code which criminalize murder and robbery as well as the Sentencing Reform Act of 1989 are unconstitutional. The trial court dismissed the petition without a hearing. The Appellant appealed, and the State has filed a motion to affirm pursuant to Court of Criminal Appeals Rule 20. For the reasons stated below, the State's motion is granted.

Article I, Section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief, and Tennessee Code Annotated Sections 29-21-101 et seq. codify the applicable procedures for seeking such a writ. However, the grounds upon which our law provides relief are very narrow. McLaney v. Bell, 59 S.W.3d 90, 92 (Tenn. 2001). Habeas corpus relief is available in this state only when it appears on the face of the judgment or the record of the proceedings that the trial court was without jurisdiction to convict or sentence the defendant or that the sentence of imprisonment has otherwise expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). In other words, habeas corpus relief may only be sought when the judgment is void, not merely voidable. Taylor v. State, 995 S.W.2d 78, 83(Tenn. 1999). "[W]here the allegations in a petition for writ of habeas corpus do not demonstrate that the judgment is void, a trial court may correctly dismiss the petition without a hearing." McLaney, 59 S.W.3d at 93. A petitioner cannot collaterally attack a facially valid conviction in a habeas corpus proceeding. Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992); State ex rel. Holbrook v. Bomar, 364 S.W.2d 887, 888 (Tenn. 1963). Unlike a post-conviction petition, the purpose of a habeas corpus petition is to contest a void, not merely voidable, judgment. State ex rel. Newsome v. Henderson, 424 S.W.2d 186, 189 (Tenn. 1968).

Having reviewed the record, the Court concludes that the trial court did not err in dismissing the Appellant's habeas corpus petition. Even if the Appellant's claims alleging ineffective assistance of counsel and other trial errors have merit, such claims would render the judgments voidable, not void, and they may not be collaterally attacked in a suit for habeas corpus relief. Moreover, the Appellant's argument that the criminal code violates his inalienable freedom to commit the acts of first degree murder and especially aggravated robbery is patently frivolous. See Hall v. State, 270 S.W. 84, 85 (Tenn. 1925) ("The power to define what shall constitute a criminal offense is committed to the discretion of the Legislature, subject to constitutional limitation and safeguards, beyond which the courts do not let the Legislature pass."); Williams v. State, No. 03C01-9209-CR-00306, 1993 WL 243869 (Tenn. Crim. App., July 6, 1993). The Appellant's blanket attacks against the constitutionality of the criminal statutes are without merit.

For these reasons, the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20.

_____
ROBERT W. WEDEMEYER, JUDGE

2