# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs January 8, 2013

## ABISAI U. MALDONADO v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. 91-04756      Lee V. Coffee, Judge**

---

**No. W2012-00808-CCA-MR3-HC  - Filed February 19, 2013**

---

The Petitioner, Abisai U. Maldonado, appeals as of right from the Shelby County Criminal Court's summary dismissal of his petition for writ of habeas corpus. The Petitioner contends that he received an illegal, one-year sentence for a misdemeanor conviction. Following our review, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JERRY L. SMITH and THOMAS T. WOODALL, JJ., joined.

Stephen R. Leffler, Memphis, Tennessee, for the appellant, Abisai U. Maldonado.

Robert E. Cooper, Jr., Attorney General and Reporter; Jeffrey D. Zentner, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Betsy Lynn Wiseman, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

In 1991, the Petitioner was indicted for one count of possession of marijuana with intent to sell and one count of possession of marijuana with intent to deliver, both Class E felonies. See Tenn. Code Ann. § 39-17-417 (1991). On May 17, 1991, the Petitioner entered into a plea agreement with the State. The plea agreement listed that the Petitioner agreed to plead guilty to "unlawful possession of a control substance with intent to sell – marijuana" in exchange for a one-year sentence. Likewise, the judgment form stated that the Petitioner was convicted of "unlawful possession of marijuana with intent to sell," that the convicting offense was a Class E felony, and that the Petitioner was sentenced to one year in the county workhouse. However, the trial court's order accepting the Petitioner's petition for acceptance of his guilty plea listed the convicting offense as "unlawful possession of a

controlled substance to wit marijuana" and omitted the phrase "with intent to sell." The trial court's order also stated that the Petitioner's petition for acceptance of his guilty plea was "made a part of this [o]rder as if copied herein verbatim."

Over twenty years later, the Petitioner filed the petition for habeas corpus relief at issue in this appeal. The petition alleged that the Petitioner had actually pled guilty to a misdemeanor offense, simple possession of marijuana, instead of the felony offense listed on the judgment form and the plea agreement; therefore, according to the Petitioner, his one-year sentence was illegal. Petitioner's counsel based this argument on the wording in the trial court's order listing the convicting offense as "unlawful possession of a controlled substance to wit marijuana." The petition for habeas corpus relief made no mention of the judgment form or the plea agreement. The petition also alleged that the Petitioner received ineffective assistance from his trial counsel because he was not informed of the possible immigration consequences of his guilty plea.[1] On November 17, 2011, the habeas corpus court entered a written order summarily dismissing the petition. The habeas corpus court concluded that the petition failed to state a cognizable claim because the judgment was facially valid and that the Petitioner was "clearly mistaken" in his belief that he had pled guilty to a misdemeanor. With respect to the Petitioner's claim that he received ineffective assistance of counsel, the habeas corpus court concluded that claim should have been brought in a post-conviction proceeding but that any post-conviction claim would now be barred by the statute of limitations.

On appeal, the Petitioner contends that the habeas corpus court erred by summarily dismissing the petition. The Petitioner reasserts his argument, based upon the trial court's order accepting his guilty plea, that he was convicted of a misdemeanor and received an illegal one-year sentence. The Petitioner's appellate brief makes no mention of the judgment form or the plea agreement. In the appellate brief, counsel for the Petitioner misconstrues the habeas corpus court's order summarily dismissing the petition stating that the order was "based on [the habeas corpus court's] opinion that the proper avenue for collaterally attacking the illegal sentence was a post-conviction proceeding, not a habeas corpus proceeding, and that the statute of limitations had run on the claim." The State responds that the Petitioner is no longer imprisoned or restrained of liberty as a result of this conviction; therefore, he cannot bring a habeas corpus claim. The State further responds that the omission of the phrase "with intent to sell" on the trial court's order was a mere clerical error and does not render the judgment void.

---

[1]The Petitioner did not raise this issue in his appellate brief; therefore, he has waived appellate review of this issue. See Tenn. R. App. P. 13(b).

Under Tennessee law, the "grounds upon which habeas corpus relief may be granted are very narrow." Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). The writ will issue only where the petitioner has established: (1) a lack of jurisdiction for the order of confinement on the face of the judgment or in the record on which the judgment was rendered; or (2) that he is otherwise entitled to immediate release because of the expiration of his sentence. See State v. Ritchie, 20 S.W.3d 624, 630 (Tenn. 2000); Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). The purpose of the habeas corpus petition is to contest a void, not merely a voidable, judgment. State ex rel. Newsom v. Henderson, 424 S.W.2d 186, 189 (Tenn. 1968). A void, as opposed to a voidable, judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." See Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007). A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. See Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). A habeas corpus court may summarily dismiss a petition without a hearing when the petition "fails to demonstrate that the judgment is void." Hickman v. State, 153 S.W.3d 16, 20 (Tenn. 2004); see Tenn. Code Ann. § 29-21-109.

It is uncontested that the Petitioner served and completed his one-year sentence long ago. Accordingly, the State is correct in its assertion that the Petitioner is not entitled to a writ of habeas corpus in this matter because the Petitioner is not currently imprisoned or restrained of liberty as a result of his 1991 conviction for possession of marijuana with intent to sell. See Hickman v. State, 153 S.W.3d 16, 22-24 (Tenn. 2004). Furthermore, it is clear from the face of the judgment and the plea agreement that the Petitioner pled guilty to a Class E felony, possession of marijuana with intent to sell, and not to the misdemeanor offense of simple possession of marijuana as the Petitioner now alleges. Having pled guilty to a Class E felony, there was nothing illegal or void about the Petitioner's one-year sentence. The omission of the words "with intent to sell" from the trial court's order accepting the plea agreement amounted to nothing more than a mere clerical error and had no effect on the validity of the conviction or sentence in this case. Accordingly, we affirm the habeas corpus court's summary dismissal of the petition for habeas corpus relief.

In consideration of the foregoing and the record as a whole, the judgment of the habeas corpus court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE