# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs August 12, 2014

## CHRISTOPHER M. COLLIN v. JAMES M. HOLLOWAY, WARDEN

**Appeal from the Criminal Court for Davidson County**
**No. 4701      J. Randall Wyatt, Jr., Judge**

_____

**No. M2014-00176-CCA-R3-HC - Filed September 16, 2014**

_____

The Petitioner, Christopher M. Collin, appeals as of right from the Davidson County Criminal Court's summary dismissal of his petition for writ of habeas corpus. The Petitioner contends that his judgments of conviction were void because they improperly subjected him to community supervision for life. Following our review, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and NORMA MCGEE OGLE, JJ., joined.

Christopher M. Collin, Nashville, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; and Benjamin A. Ball, Senior Counsel, for the appellee, State of Tennessee.

## OPINION

In 2011, the Petitioner was indicted on three counts of rape of a child and one count of aggravated sexual battery. In 2013, the Petitioner pled guilty to three counts of sexual battery by an authority figure and one count of assault. The judgments for the Petitioner's convictions for sexual battery by an authority figure state that the Petitioner was "sentenced to community supervision for life following sentence expiration" pursuant to Tennessee Code Annotated section 39-13-524.

On December 6, 2013, the Petitioner filed the instant petition for writ of habeas corpus. The Petitioner alleged that his judgments of conviction were void because the offense of sexual battery by an authority figure was not one of the offenses listed in section

39-13-524 as requiring community supervision for life; therefore, his sentences, a material element of his guilty pleas, were illegal. The Petitioner's judgments of conviction were the only documents filed with the petition. The habeas corpus court summarily dismissed the petition on January 14, 2014, using a form order provided by the State.

On appeal, the Petitioner contends that the habeas corpus court erred in summarily dismissing his petition. The Petitioner argues that his sentences are void on the face of the judgments because sexual battery by an authority figure is not one of the offenses listed in section 39-13-524. The Petitioner also argues that both the prosecutor and his trial counsel mistakenly believed community supervision for life was required for the offense of sexual battery by an authority figure and that he would not have agreed to lifetime community supervision had he been aware it was not required. The State responds that the habeas corpus court did not err in summarily dismissing the petition.

Under Tennessee law, the "grounds upon which habeas corpus relief may be granted are very narrow." Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). The writ will issue only where the petitioner has established: (1) a lack of jurisdiction for the order of confinement on the face of the judgment or in the record on which the judgment was rendered; or (2) that he is otherwise entitled to immediate release because of the expiration of his sentence. See State v. Ritchie, 20 S.W.3d 624, 630 (Tenn. 2000); Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). The purpose of the habeas corpus petition is to contest a void, not merely a voidable, judgment. State ex rel. Newsom v. Henderson, 424 S.W.2d 186, 189 (Tenn. 1968).

A void, as opposed to a voidable, judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." See Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007). A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. See Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). A habeas corpus court may summarily dismiss a petition without a hearing when the petition "fails to demonstrate that the judgment is void." Hickman v. State, 153 S.W.3d 16, 20 (Tenn. 2004); see Tenn. Code Ann. § 29-21-109.

When a petitioner seeks habeas corpus relief to invalidate a guilty plea based upon a claim of an illegal sentence, the petitioner "must attach sufficient documentation to his petition for writ of habeas corpus to establish the illegality." Ronald E. Boykin v. Jerry Lester, Warden, No. W2013-01699-CCA-R3-HC, 2014 WL 1389497, at *2 (Tenn. Crim. App. Apr. 8, 2014) (citing Summers v. State, 212 S.W.3d 251, 261 (Tenn. 2007)). Here, the Petitioner failed to include with his petition any documentation regarding his guilty pleas, such as the plea agreement documents or transcript of the plea submission hearing.

As such, there was no way to determine if the lifetime community supervision was part of the plea agreement or, as the Petitioner alludes to in his appellate brief, a mere clerical mistake which could be corrected pursuant to Tennessee Rule of Criminal Procedure 36 with entry of corrected judgments. Boykin, 2014 WL 1389497, at *2. Accordingly, we conclude that the habeas corpus court did not err in summarily dismissing the petition because the Petitioner failed to support his claim with sufficient documentation.

In consideration of the foregoing and the record as a whole, the judgment of the habeas corpus court is affirmed.

_____

D. KELLY THOMAS, JR., JUDGE