IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs April 27, 2016

**AARON T. JAMES v. SHAWN PHILLIPS, WARDEN**

**Appeal from the Criminal Court for Morgan County**
**No. 2015-CR-54     E. Eugene Eblen, Judge**

**No. E2015-02110-CCA-R3-HC – Filed May 10, 2016**

The Petitioner, Aaron T. James, appeals as of right from the Morgan County Criminal Court's summary dismissal of his petition for writ of habeas corpus. On appeal, the Petitioner contends that his judgment is void because his guilty plea to second degree murder was unknowing and involuntary. Discerning no error, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and ROBERT L. HOLLOWAY, JR., JJ., joined.

Aaron T. James, Wartburg, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; and John H. Bledsoe, Senior Counsel, for the appellee, State of Tennessee.

**OPINION**

On December 15, 1994, the Petitioner pled guilty to especially aggravated robbery, especially aggravated kidnapping, and second degree murder. See Aaron T. James v. State, No. W1998-00463-CCA-R3-PC, 1999 WL 1525595, at *1 (Tenn. Crim. App. Dec. 28, 1999). For these convictions, the Petitioner received a total effective sentence of fifty years. Id.

On August 18, 2015, the Petitioner filed the instant petition for writ of habeas corpus, alleging that his judgment of conviction for the second degree murder conviction was void because his guilty plea for that conviction was not knowingly and voluntarily entered into. In particular, the Petitioner alleged that "defense counsel did not purport to stipulate that [the] [P]etitioner had the requisite malice aforethought or explain to him

that his plea would be admission of that fact, and he made no factual statement or admission necessarily implying that he had such malice aforethought."

On September 14, 2015, the habeas corpus court entered an order summarily dismissing the petition, finding that it did not meet the procedural requirements of Tennessee Code Annotated section 29-21-107 and that the Petitioner failed to show that his judgment was void.

In this appeal, the Petitioner contends that his judgment is void because his guilty plea to second degree murder was not knowing and voluntary. In particular, the Petitioner avers that at his plea submission hearing, "he was never informed of the charge of second degree murder nor were the elements ever explained to [him] by his attorney or the trial judge." The State responds that the Petitioner failed to timely file a notice of appeal, that he failed to adhere to the relevant procedural requirements, and that he has failed to state a cognizable claim for habeas corpus relief.

First, we address the State's request that we dismiss this appeal based on the Petitioner's failure to timely file a notice of appeal. A notice of appeal must be filed "within [thirty] days after the date of entry of the judgment appealed from." Tenn. R. App. P. 4(a). The notice of appeal document in criminal cases "is not jurisdictional[,] and the filing of such document may be waived in the interest of justice." Tenn. R. App. P. 4(a). The record reflects that the Petitioner delivered his notice of appeal to prison officials on October 23, 2015, nine days after the thirty-day period for filing expired. However, we note that the Petitioner is acting pro se, and given that the delay in filing the notice was not inordinate, we choose to waive the timely filing requirement and proceed to consider the case on the merits.

The determination of whether to grant habeas corpus relief is a question of law, and our review is de novo. Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007). Under Tennessee law, the "grounds upon which habeas corpus relief may be granted are very narrow." Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). The writ will issue only where the petitioner has established: (1) a lack of jurisdiction for the order of confinement on the face of the judgment or in the record on which the judgment rendered; or (2) that he is otherwise entitled to immediate release because of the expiration of his sentence. See State v. Ritchie, 20 S.W.3d 624, 630 (Tenn. 2000); Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). The purpose of the habeas corpus petition is to contest a void, not merely a voidable, judgment. State ex rel. Newsom v. Henderson, 424 S.W.2d 186, 189 (Tenn. 1968).

A void, as opposed to a voidable, judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." See Summers,

212 S.W.3d at 256. A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. See Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). A habeas corpus court may summarily dismiss a petition without a hearing when the petition "fails to demonstrate that the judgment is void." Hickman v. State, 153 S.W.3d 16, 20 (Tenn. 2004); see Tenn. Code Ann. § 29-21-109.

An allegation that a guilty plea was not knowingly and voluntarily entered into would only render the judgment voidable, not void; therefore, such a claim is not cognizable in a habeas corpus proceeding. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993) (affirming habeas corpus court's dismissal without a hearing of petition alleging guilty plea was involuntary). As such, the habeas corpus court did not err in summarily dismissing the Petitioner's petition for writ of habeas corpus.[1]

Based on the foregoing and the record as a whole, the judgment of the habeas corpus court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE

---

[1] Because of our conclusion that he failed to state a cognizable claim for relief, we need not address whether the Petitioner met the procedural requirements of Tennessee Code Annotated section 29-21-107.