
IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 26, 2017

## ANTONIO L. FULLER v. BLAIR LIEBACH, WARDEN

**Appeal from the Circuit Court for Trousdale County**
**No. 16-CV-4549    John D. Wootten, Jr., Judge**

_____

### No. M2016-02514-CCA-R3-HC

_____

The Petitioner, Antonio L. Fuller, appeals as of right from the Trousdale County Circuit Court's summary dismissal of his petition for writ of habeas corpus. The Petitioner contends that the petition stated a cognizable claim for habeas corpus relief. Discerning no error, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR., and ROBERT H. MONTGOMERY, JR., JJ., joined.

Antonio L. Fuller, Hartsville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; and Clark B. Thornton, Senior Counsel, for the appellee, State of Tennessee.

## OPINION

The Petitioner is currently serving a total effective sentence of fifty-six years for his convictions of aggravated burglary, aggravated robbery, evading arrest, reckless endangerment, and two counts of especially aggravated kidnapping. State v. Fuller, 172 S.W.3d 533, 534-36 (Tenn. 2005), overruled by State v. White, 362 S.W.3d 559 (Tenn. 2012). On August 22, 2016, the Petitioner filed a petition for writ of habeas corpus alleging that his especially aggravated kidnapping convictions were void because the jury had not been properly instructed on those offenses. See White, 362 S.W.3d at 580 (requiring that juries be instructed "on the question of whether the victim's removal or confinement was essentially incidental to an accompanying felony"). On November 21, 2016, the habeas corpus court entered a written order summarily dismissing the petition for failing to state a cognizable habeas corpus claim. This appeal followed.

Under Tennessee law, the "grounds upon which habeas corpus relief may be granted are very narrow." Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). The writ will issue only where the petitioner has established: (1) a lack of jurisdiction for the order of confinement on the face of the judgment or in the record on which the judgment was rendered; or (2) that he is otherwise entitled to immediate release because of the expiration of his sentence. See State v. Ritchie, 20 S.W.3d 624, 630 (Tenn. 2000); Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). The purpose of the habeas corpus petition is to contest a void, not merely a voidable, judgment. State ex rel. Newsom v. Henderson, 424 S.W.2d 186, 189 (Tenn. 1968).

A void, as opposed to a voidable, judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007). A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. See Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). A habeas corpus court may summarily dismiss a petition without a hearing when the petition "fails to demonstrate that the judgment is void." Hickman v. State, 153 S.W.3d 16, 20 (Tenn. 2004); see Tenn. Code Ann. § 29-21-109.

The Petitioner has failed to state a cognizable claim for habeas corpus relief. The White decision relied upon by the Petitioner was not retroactive "except to cases that were already in the appellate pipeline." Craig O. Majors v. State, No. E2015-00400-CCA-R3-HC, 2015 WL 5656340, at *3 (Tenn. Crim. App. Sept. 25, 2015), perm. app. denied (Tenn. Feb. 18, 2016). White was decided in 2012 while the Petitioner's convictions were affirmed on direct appeal in 2005. Furthermore, the Petitioner's allegations "with regard to error in the jury instructions would render the convictions merely voidable, not void." Id. at *2. Accordingly, we conclude that the habeas corpus court did not err in summarily dismissing the petition.

Upon consideration of the foregoing and the record as a whole, the judgment of the habeas corpus court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE

-2-