IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs May 22, 2018

## STEPHEN B. WLODARZ v. SHAWN PHILLIPS, WARDEN

**Appeal from the Criminal Court for Morgan County**
**No. 2017-CR-28     Jeffery Hill Wicks, Judge**

_____

### No. E2017-02252-CCA-R3-HC

_____

Petitioner, Stephen B. Wlodarz, appeals from the summary dismissal of his petition for writ of habeas corpus from his 2001 convictions for first degree premeditated murder, attempted first degree premeditated murder, two counts of aggravated assault, and one count of manufacturing a Schedule VI controlled substance. Petitioner entered "best interest" pleas under *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970), and was sentenced to a total effective sentence of life imprisonment "without parole." Following our review, we conclude that Petitioner has failed to state a cognizable claim for habeas corpus relief. Therefore, we affirm the summary dismissal of his petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, P.J., and ROBERT W. WEDEMEYER, J., joined.

Stephen B. Wlodarz, Wartburg, Tennessee, *Pro Se*.

Herbert H. Slatery III, Attorney General and Reporter; Nicholas W. Spangler, Assistant Attorney General; and Russell Johnson, District Attorney General, for the appellee, State of Tennessee.

### OPINION

*Factual and procedural background*

This case relates to Petitioner's killing Officer Gerald Gibson of the Hawkins County Sheriff's Department. The facts underlying Petitioner's convictions were summarized in this court's opinion affirming the denial of post-conviction relief:

[T]he record reflects that on July 13, 2000, police officers were dispatched to the scene of a home burglary on Short Road near Rogersville, Tennessee. When they arrived, a witness gave a description of the suspect, which matched the petitioner. Officers went to the petitioner's home and confronted him, and the petitioner pulled out a shotgun and ordered the officers off his property. The officers left the scene; obtained arrest warrants against the petitioner for attempted aggravated burglary, vandalism, and two counts of aggravated assault; and returned to the petitioner's home. The petitioner barricaded himself inside, and a tactical unit was called. After several hours, the unit tried to force the petitioner out of his house by shooting tear gas canisters into it. During the melee, the victim was shot once in the head.

*Steven Bernard Wlodarz v. State*, No. E2002-02798-CCA-R3-PC, 2003 WL 22868267 (Tenn. Crim. App. Dec. 3, 2003), *perm. app. denied* (Tenn. May 17, 2004).

Pursuant to a negotiated plea agreement, Petitioner pleaded guilty on September 18, 2001, to first degree premeditated murder, attempted first degree premeditated murder, two counts of aggravated assault, and one count of manufacturing a Schedule VI controlled substance. The trial court sentenced him as a Range I, standard offender to concurrent sentences of life without parole for the murder conviction, twenty-five years for the attempted murder conviction, six years for each aggravated assault conviction, and six years for the manufacturing a Schedule VI controlled substance conviction.

Petitioner sought post-conviction relief on the ground that he entered involuntary and unknowing guilty pleas as a result of the ineffective assistance of counsel. The post-conviction court denied relief, and this court affirmed the post-conviction court's determinations. *See id*. Petitioner subsequently sought error coram nobis relief on the basis that he would not have pleaded guilty had he known the results of the ballistics testing by the Federal Bureau of Investigation ("FBI"). The coram nobis court denied the petition, determining that the ballistic reports were not "newly discovered evidence" as required by Tennessee Code Annotated section 40-26-105(b) because Petitioner had previously acknowledged the results of the testing. The coram nobis court further concluded that the ballistic evidence, even if newly discovered, did not undermine Petitioner's guilty pleas, because Petitioner entered the pleas knowingly and voluntarily. A panel of this court affirmed that decision. *Stephen Wlodarz v. State*, No. E2008-02179-CCA-R3-CO, 2010 WL 1998766 (Tenn. Crim. App. May 19, 2010). The Tennessee Supreme Court granted permission to appeal and affirmed, holding that "[w]hile the writ of error coram nobis is a viable remedy to attack the knowing and voluntary nature of guilty pleas which serve as the basis for convictions, the results of the ballistic tests did

not constitute 'newly discovered evidence" as required by [statute]." *Wlodarz v. State*, 361 S.W.3d 490, 506 (Tenn. 2012). We note that in *Frazier v. State*, 495 S.W.3d 246, 248 (Tenn. 2016), our supreme court subsequently held that petitions for error coram nobis relief are not available for relief in cases where the conviction is the result of a guilty plea.

On August 18, 2017, Petitioner filed a *pro se* petition for writ of habeas corpus, alleging that his convictions are void and his sentence illegal. The State filed a motion to dismiss the petition, which the trial court granted, and this appeal followed.

*Analysis*

Petitioner contends that the habeas corpus court erred by summarily dismissing his petition. He makes the following claims in his brief on appeal: 1) that the judgment of conviction was "entered pursuant to a guilty plea maintaining innocence proceeding lawfully unresolved[;]" 2) that the trial court "failed to comply with the critical criterion set forth by the United States Supreme Court in *North Carolina v. Alford*, 91 S. Ct. 160 (1970)[;]" 3) that trial court "misrepresent[ed] [ ] Petitioner's psych[ological] evaluation relevant to conviction and sentencing[;] and 4) that his guilty plea was induced by fraud. The State responds that the habeas corpus court properly dismissed the petition because Petitioner failed to state a colorable claim for relief. We agree with the State.

Under Tennessee law, the "grounds upon which habeas corpus relief may be granted are very narrow." *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). The writ will issue only where the petitioner has established: (1) a lack of jurisdiction for the order of confinement on the face of the judgment or in the record on which the judgment was rendered; or (2) that he is otherwise entitled to immediate release because of the expiration of his sentence. *See State v. Ritchie*, 20 S.W.3d 624, 630 (Tenn. 2000); *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993).

The purpose of the habeas corpus petition is to contest a void, not merely a voidable, judgment. *State ex rel. Newsom v. Henderson*, 424 S.W.2d 186, 189 (Tenn. 1968). A void, as opposed to a voidable, judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." *See Summers v. State*, 212 S.W.3d 251, 256 (Tenn. 2007). In contrast, "[a] voidable conviction or sentence is one which is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity." *Taylor*, 995 S.W.2d at 83. A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. *See Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). A habeas corpus court may summarily dismiss a petition without a hearing when the petition "fails to demonstrate that the judgment is void." *Hickman v. State*, 153 S.W.3d

- 3 -

16, 20 (Tenn. 2004); *see* T.C.A. § 29-21-109. We note that the determination of whether to grant habeas corpus relief is a matter of law; therefore, we will review the habeas corpus court's finding de novo without a presumption of correctness. *McLaney v. Bell*, 59 S.W.3d 90, 92 (Tenn. 2001).

Petitioner claims that his judgments of conviction were "entered pursuant to a guilty plea maintaining innocence proceeding lawfully unresolved." It appears that Petitioner argues that the judgments are void because his guilty pleas were made pursuant to *Alford*, by which he maintained his innocence. The Tennessee Supreme Court has explained an *Alford* plea as follows:

> Although uncommon, criminal defendants also may plead guilty while maintaining that they did not commit the crime charged. Such pleas are often referred to as "*Alford* pleas" based on the United States Supreme Court case, *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970). In *Alford*, our nation's high court held that a defendant who professed his innocence could nonetheless enter a constitutionally valid guilty plea when the defendant "intelligently concludes that his interests require entry of a guilty plea." *Id*. at 37, 91 S. Ct. 160. Our Rules of Criminal Procedure refer to such pleas as "nolo contendere" pleas. Tenn. R. Crim. P. 11(a)(2); *see also State v. Crowe*, 168 S.W.3d 731, 743 (Tenn. 2005).

*Frazier v. State*, 495 S.W.3d 246, 250 n.1 (Tenn. 2016).

Petitioner's claim does not entitle him to habeas corpus relief because the claim rests on consideration of proof beyond the face of the judgment. Petitioner cites from this court's opinion affirming the denial of post-conviction relief that "[n]o facts were presented at the guilty plea hearing." *Wlodarz v. State*, 2003 WL 22868267 at *1. The allegation that the State did not provide a factual basis to support Petitioner's convictions, even if true, would result in a voidable judgment, not a void judgment. *See Stephanie D. Cooley v. State*, No. M2013-00205-CCA-R3-HC, 2013 WL 5975135, at *4 (Tenn. Crim. App. Nov. 8, 2013), *perm. app. denied* (Tenn. Apr. 10, 2014). We conclude that the Petitioner has failed to state a colorable claim for habeas corpus relief. He is not entitled to relief on this basis.

Petitioner also claims that his pleas "failed to comply with the critical criterion set forth . . . in *Alford*." With this claim, Petitioner appears to argue that his guilty pleas were not knowingly and voluntarily entered. He asserts that he was "excluded from crucial court pre-trial proceedings" and that his guilty pleas were "induced by fear, ignorance, [and] misrepresentation." Whether Petitioner's pleas were entered voluntarily

- 4 -

and knowingly is a factual determination that is outside the scope of habeas corpus relief because it rests on evidence beyond the face of the judgment. The voluntariness of Petitioner's pleas was properly determined in his post-conviction proceeding and is not a cognizable basis for habeas corpus relief. *Wlodarz v. State*, 2003 WL 22868267 at *5; *see Archer*, 851 S.W.2d at 165.

Petitioner also claims that the criminal court "misrepresent[ed] . . . [P]etitioner's psych[ological] evaluation relevant to conviction and sentencing." Petitioner asserts that the trial court should not have relied upon a psychological evaluation prepared by Dr. Eric Engum in determining whether Petitioner was competent to waive his rights at the guilty plea hearing. This claim falls under the broader category of whether Petitioner's pleas were knowing and voluntary, and again, such claims are outside the scope of habeas corpus relief. *Archer*, 851 S.W.2d at 165.

Finally, Petitioner claims that his pleas are a product of fraud. This claim, if proven, would render the challenged judgments voidable rather than void and does not present a cognizable claim for habeas corpus relief. *Odell Wisdom v. Randy Lee, Warden, and State*, No. E2016-01737-CCA-R3-HC, 2017 WL 991910, at *2 n.3 (Tenn. Crim. App. Mar. 14, 2017) (citing *Archer*, 851 S.W.2d at 163-64) ("[T]he Petitioner's claim that his guilty plea was unknowing and involuntary due to coercion, if proven, would render the challenged judgment voidable rather than void and does not present a cognizable claim for habeas corpus relief."); *Larry L. Halliburton, v. State*, W2001-00755-CCA-R3-CO, 2002 WL 1558611 (Tenn. Crim. App. Jan. 30, 2002) ("A claim that a guilty plea was not knowingly and voluntarily entered because of coercion is not cognizable in a habeas corpus proceeding."). Petitioner is not entitled to relief on this basis.

## CONCLUSION

In consideration of the foregoing and the record as a whole, we affirm the judgment of the habeas corpus court.

_____
THOMAS T. WOODALL, JUDGE