IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

## RICKY HARRIS v. KEVIN HAMPTON, WARDEN

**Appeal from the Circuit Court for Bledsoe County**
**No. 2019-CR-1     Justin C. Angel, Judge**

_____

## No. E2019-00571-CCA-R3-HC

_____

The pro se Petitioner, Ricky Harris, appeals as of right from the Bledsoe County Circuit Court's order summarily denying his petition for a writ of habeas corpus. The State has filed a motion to dismiss this appeal as untimely or to affirm the trial court's judgment pursuant to Rule 20 of the Rules of the Tennessee Court of Criminal Appeals. Following our review, we conclude that the State's motion is well-taken as to the filing of a memorandum opinion and affirm the order of the habeas corpus court.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**
**Pursuant to Rule 20, Rules of the Court of Criminal Appeals.**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which NORMA MCGEE OGLE, and ROBERT H. MONTGOMERY, JR., JJ., joined.

Ricky Harris, Pro Se, Pikeville, Tennessee.

Herbert H. Slatery III, Attorney General and Reporter; and Benjamin A. Ball, Senior Assistant Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

### Factual Background

On May 9, 1988, a Carter County Criminal Court jury convicted the Petitioner of the September 8, 1987 first degree murder of his mother-in-law. The trial court imposed a sentence of life imprisonment. This court affirmed the Petitioner's conviction and

sentence on direct appeal. State v. Ricky Jerome Harris, No. 85, 1990 WL 171507 (Tenn. Crim. App. Nov. 8, 1990), perm. app. denied (Tenn. Feb. 4, 1991). The Petitioner unsuccessfully sought post-conviction relief, the denial of which was affirmed by this court on direct appeal. Ricky Harris v. State, No. 03C01-9611-CR-00410, 1998 WL 191441 (Tenn. Crim. App. Apr. 23, 1998), perm. app. denied (Tenn. Dec. 7, 1998). The Petitioner unsuccessfully pursued a motion to reopen post-conviction petition, the denial of which was affirmed by the Tennessee Supreme Court. Harris v. State, 103 S.W.3d 587, 588 (Tenn. 2003) (overruled on other grounds by Nunley v. State, 552 S. W.3d 800, 828 (Tenn. 2008)). The Petitioner also pursued habeas corpus and error coram nobis remedies without success. This court affirmed the denial of habeas corpus relief. Ricky Harris v. Robert Conley, Warden, et al., No. 02C01-9309-CC-00227, 1994 WL 510501 (Tenn. Crim. App. Sept. 21, 1994) (no perm. app. filed). The Tennessee Supreme Court affirmed the first denial of error coram nobis relief. Harris v. State, 301 S.W.3d 141 (Tenn. 2010). This court affirmed the trial court's denial of two subsequent petitions for a writ of error coram nobis. Ricky Harris v. State, No. E2018-00362-CCA-R3-ECN, 2019 WL 669763 (Tenn. Crim. App. Feb. 19, 2019) (no perm. app. filed); Ricky Harris v. State, No. E2017-01974-CCA-R3-ECN (Tenn. Crim. App. Oct. 17, 2018), perm. app. denied (Tenn. Apr. 11, 2019).

On January 28, 2019, the Petitioner filed a petition for a writ of habeas corpus, alleging that he was unlawfully incarcerated on a sentence that had expired. The State filed a response in opposition to the petition, arguing that the Petitioner's life sentence had not expired but, rather, that the Petitioner had reached parole eligibility. On February 26, 2019, the habeas corpus court summarily denied the petition, ruling that the life sentence had not expired and that there was no illegality on the face of the judgment. On April 1, 2019, the Petitioner filed a notice of appeal in this court.

On appeal, the Petitioner asserts that under the 1982 Criminal Sentencing Reform Act, his life sentence is computed at 30 years. Therefore, having now served over 30 years, the Petitioner asserts that he is being illegally restrained on an expired sentence. The State argues that this appeal should be dismissed for failure to file a timely notice of appeal. Alternatively, the State asserts that the Petitioner is not entitled to habeas corpus relief because his sentence has not yet expired but that the Petitioner has served the requisite thirty years to reach parole eligibility on his life sentence. Briefly, we note that the notice of appeal was not filed until April 1, 2019 – four days beyond the March 28, 2019 due date for the notice of appeal. With consideration of the "prison mailbox rule," however, we decline to dismiss this appeal as untimely. See Tenn. R. App. P. 20(g).

**Analysis**

- 2 -

Under Tennessee law, the "grounds upon which habeas corpus relief may be granted are very narrow." Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). The writ will issue only where the petitioner has established: (1) a lack of jurisdiction for the order of confinement on the face of the judgment or in the record on which the judgment was rendered; or (2) that he is otherwise entitled to immediate release because of the expiration of his sentence. See State v. Ritchie, 20 S.W.3d 624, 630 (Tenn. 2000); Archer, 851 S.W.2d at 164.

The purpose of the habeas corpus petition is to contest a void, not merely a voidable, judgment. State ex rel. Newsom v. Henderson, 424 S.W.2d 186, 189 (Tenn. 1968). A void, as opposed to a voidable, judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." See Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007). In contrast, "[a] voidable conviction or sentence is one which is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity." Taylor, 995 S.W.2d at 83.

A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. See Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). We note that the determination of whether to grant habeas corpus relief is a matter of law; therefore, we will review the habeas corpus court's finding de novo without a presumption of correctness. McLaney v. Bell, 59 S.W.3d 90, 92 (Tenn. 2001).

The Petitioner was convicted of first degree murder and sentenced to life imprisonment in May 1988 for an offense that occurred on September 8, 1987. In his argument, the Petitioner conflates the analysis of a life sentence under the post-1995 provisions of 1989 Criminal Sentencing Reform Act with those applicable to his sentence under the 1982 Criminal Sentencing Reform Act. Under the provisions applicable to the Petitioner's life sentence, the Petitioner reaches release eligibility, not expiration of sentence, upon serving thirty years of the life sentence. See James William Taylor, a/k/a/ Lufti Shafq Talal v. State, No. M2012-01549-CCA-R3-PC, 2013 WL 2145776, at *5 (Tenn. Crim. App. May 15, 2013) (noting in a motion to correct illegal sentence that the appellant's conviction for a 1987 first degree murder "should have resulted in a life sentence with release eligibility on that life sentence after service of thirty years pursuant to Tennessee Code Annotated section 40-35-501(f) (Supp. 1987)"). The Petitioner's sentence has not expired. Therefore, he is not entitled to habeas corpus relief.

## Conclusion

- 3 -

Accordingly, the habeas corpus court properly denied the petition for a writ of habeas corpus. Upon consideration of the foregoing and the record as a whole, we affirm the judgment of the Bledsoe County Circuit Court pursuant to Rule 20 of the Rules of the Tennessee Court of Criminal Appeals.

_____
D. KELLY THOMAS, JR., JUDGE