FILED

11/24/2021

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 10, 2021

## PERRY SINGO v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Hickman County**
**No. 20-CV-37       Michael E. Spitzer, Judge**
_____

## No. M2021-00299-CCA-R3-HC
_____

The *pro se* petitioner, Perry Singo, appeals the denial of his petition for writ of habeas corpus by the Circuit Court for Hickman County, arguing the trial court erred in summarily dismissing the petition. After our review, we affirm the summary dismissal of the petition pursuant to Rule 20 of the Rules of the Court of Criminal Appeals.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed Pursuant to Rule 20 of the Rules of the Court of Criminal Appeals**

J. ROSS DYER, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and ROBERT L. HOLLOWAY, JR., JJ., joined.

Perry Singo, Only, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Katherine C. Redding, Senior Assistant Attorney General; Kim R. Helper, District Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

On March 16, 2000, a jury convicted the petitioner, Perry Singo, of four counts for rape of a child, a Class A felony, and four counts of aggravated sexual battery, a Class B felony. As a result of his convictions, the petitioner was sentenced to twenty-five years for each of the rape of a child convictions and twelve years for each of the aggravated sexual battery convictions, with two of the rape of a child sentences to run consecutively and all other sentences to run concurrently, for an effective sentence of fifty years. After the petitioner's initial direct appeal, this Court reversed three of his rape of a child convictions and remanded the case for a determination of whether the remaining sentences should run consecutively. *State v. Perry Singo,* No. M2001-00919-CCA-R3-CD, 2002 WL 1838142

(Tenn. Crim. App. Aug. 9, 2002) *perm. app. denied* (Tenn. Dec. 23, 2002). Following a re-sentencing hearing, the trial court ordered two of the aggravated sexual battery sentences and the rape of a child sentence to run consecutively, for an effective sentence of forty-nine years. The petitioner appealed, and this Court affirmed the new sentence. *State v. Perry Singo*, No. M2003-01230-CCA-R3-CD, 2004 WL 343968 (Tenn. Crim. App. Feb. 24, 2004), *perm. app. denied* (Tenn. Aug. 20, 2004).

On November 20, 2020, the petitioner filed a petition for writ of habeas corpus claiming his indictment is void because it was not signed by the clerk of the court. The State filed a motion to dismiss, arguing the petitioner failed to state a colorable claim for habeas corpus relief. Specifically, the State asserted the signature of the court clerk on the indictment is a procedural safeguard, and therefore, the petitioner should have raised the issue pre-trial. On February 22, 2021, the trial court entered an order dismissing the petition. This timely appeal followed.

The Tennessee Constitution guarantees a convicted criminal defendant the right to seek habeas corpus relief. Tenn. Const. art. I, § 15. However, the "grounds upon which habeas corpus relief may be granted are very narrow." *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). The writ will issue only where the petitioner has established: (1) a lack of jurisdiction for the order of confinement on the face of the judgment or in the record on which the judgment was rendered; or (2) that he is otherwise entitled to immediate release because of the expiration of his sentence. *See State v. Ritchie*, 20 S.W.3d 624, 630 (Tenn. 2000); *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). The purpose of the habeas corpus petition is to contest a void, not merely a voidable, judgment. *State ex rel. Newsom v. Henderson*, 424 S.W.2d 186, 189 (Tenn. 1968).

A void, as opposed to a voidable, judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." *Summers v. State*, 212 S.W.3d 251, 256 (Tenn. 2007). A sentence imposed in direct contravention of a statute is illegal and, thus, void. *Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000). A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. *Hogan v. Mills*, 168 S.W.3d 753, 755 (Tenn. 2005). A habeas corpus court may summarily dismiss a petition without a hearing when the petition "fails to demonstrate that the judgment is void." *Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004); *see* Tenn. Code Ann. § 29-21-109. The determination of whether to grant habeas corpus relief is a question of law and our review is de novo. *Summers*, 212 S.W.3d at 262.

The petitioner has alleged his convictions for rape of a child and aggravated sexual battery are void because the clerk failed to sign the indictment. However, a review of the record shows the court clerk's stamp, date, and time of filing are on the indictment.

Moreover, the signature of the clerk on an indictment is a procedural, rather than substantive, safeguard. Therefore, an objection to a defect of this nature must be made pre-trial, and not in a collateral, post-trial habeas corpus petition. *See* Tenn. R. Crim. P. 12(b)(2); *Marvin Anthony Matthews v. State,* No. W2003-00106-CCA-R3-CO, 2003 WL 23100812, *2 (Tenn. Crim. App. Dec. 31, 2003); *Nelson B. Graves v. Howard Carlton, Warden*, No. 03C01-9705-CR-00171, 1998 WL 133840, *2 (Tenn. Crim. App. Mar. 25, 1998), *perm. app. denied*, (Tenn. 1998). The petitioner has failed to present any evidence that his sentence has expired or that his convictions for rape of a child and aggravated sexual battery are void. Likewise, the petitioner's argument on appeal that the indictment is void because it was not signed by the court clerk is without merit.

When an opinion would have no precedential value, this Court may affirm by memorandum opinion the judgment or action of the trial court when the judgment was rendered or the action was taken in a proceeding without a jury and such judgment or action was not a determination of guilt, and the evidence does not preponderate against the finding of the trial court. *See* Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
J. ROSS DYER, JUDGE